Mason R. DIXON et ux., Petitioners,

v.

Donna SHIRLEY, Individually and d/b/a Donna Shirley Realty Co., Inc., et al., Respondents.

No. B–5802.

Supreme Court of Texas.

April 14, 1976.

Mahoney, Shaffer, Hatch & Layton, Richard J. Hatch, Corpus Christi, for petitioners.

Kleberg, Mobley, Lockett & Weil, Ernest F. Bogart, Jr., John A. Waller, Stonewall Van Wie, III, Lev Hunt, Corpus Christi, for respondents.

PER CURIAM.

In this proceeding the Court of Civil Appeals has held that the judgment of the trial court was interlocutory and not appealable, and has dismissed the appeal. 531 S.W.2d 386.

Mason R. Dixon and wife sued Donna Shirley, Glenn L. Morgan, Willard A. Cobb and wife, and U. S. Life Title Company. A Motion for Summary Judgment was filed by all the Defendants, except Morgan. However, the judgment of the trial court granting these motions recited that Motions for Summary Judgment were filed "by each and all Defendants and that all such Motions should be granted," and it was "accordingly ordered, adjudged and decreed by the Court that the Motions for Summary Judgment filed by Defendants, Donna Shirley, individually, and d/b/a Donna Shirley Realty Company, Glenn Morgan, USLife Title Company and Willard A. Cobb and Hurene Cobb, are granted and Judgment is hereby entered that Plaintiffs take nothing of Defendants." So the judgment on its face disposed of all parties.

Dixon and wife appealed and asserted points of error to the effect that the trial court erred in granting the summary judgment in favor of all of the Defendants because each Defendant failed to prove there was no genuine issue as to material facts; also, that the trial court erred in granting summary judgment in favor of Morgan for the reason that Morgan did not file a Motion for Summary Judgment.

In response to the decision and judgment of the Court of Civil Appeals, Dixon and wife, Appellants there and Petitioners here, filed their Motion for Rehearing reciting among other things, that "Appellants have taken a non-suit as to Glenn L. Morgan and no longer intend to pursue any such action that they may have had against party." It was then asserted that this rendered the judgment of the trial court "no longer . . . interlocutory." At the same time, the Appellants filed a motion in the Court of Civil Appeals asserting that they "hereby take a non-suit as to Glenn L. Morgan and

request that the Court enter its order of dismissal as to Appellee, Glenn L. Morgan." Both motions were overruled by the Court of Civil Appeals.

In this posture, there is no attack upon the holding of the Court of Civil Appeals that the judgment of the trial court was interlocutory and not appealable and this question is not before us. The application for writ of error is refused, no reversible error.