Carl F. SCHLIPF et al., Petitioners,

v.

EXXON CORPORATION et al., Respondents.

No. C–943.

Supreme Court of Texas.

Nov. 3, 1982.

W.H. Betts, Hempstead, for petitioners.

Baker & Botts, Frank Harmon, Lamar Hart, Dean J. Capp and Melvin Hawkins, Kirklin, Boudreaux and Joseph, Stephen R. Kirklin and Tim S. Leonard, Houston,

James R. Coffee, Dallas, James D. Klutz, Cloy D. Monzingo and Jim Merrill, Houston, Strasburger & Price, Leo J. Hoffman and Stuart C. Hollimon, Julius L. Lybrand, Dallas, Vinson and Elkins, James McCartney and D. Ferguson McNeil, Andrews, Kurth, Campbell & Jones, Williams H. Tenison, Robert W. Mahood, Houston, for respondents.

## ON MOTION FOR REHEARING

### PER CURIAM.

Our former opinion is withdrawn and this one is substituted by a majority of the Court.

Carl Schlipf and others, collectively referred to herein as Schlipf, brought suit against Exxon for recovery of damages for retained gas royalties and prejudgment interest on all royalties withheld by Exxon since April 1, 1978. Schlipf filed a motion for summary judgment which was contested by Exxon. Exxon did not file a motion for summary judgment. The trial court granted Schlipf's motion for summary judgment on the retained royalties, but it denied the prejudgment interest claim. A judgment was rendered by the trial court which included a recitation that, "the relief herein granted Plaintiffs, . . . is in satisfaction of all of their claims and causes of action asserted in their Second Amended Petition herein and all claims and/or causes of action herein asserted by all parties herein and not herein granted are hereby in all things denied and concluded; . . . ."

All parties perfected appeal to the court of appeals. Exxon appealed the trial court's order that the disputed royalties were presently payable to Schlipf. Schlipf appealed the trial court's failure to award prejudgment interest. The court of appeals reversed the judgment of the trial court and remanded the case, holding Schlipf had failed to submit evidence justifying the summary judgment as to the retained gas royalties. 626 S.W.2d 74.

An intervenor in the trial court, Sun Oil Company (Delaware), filed a motion with the court of appeals to dismiss all appeals for want of jurisdiction. Sun Oil contended that because the trial court's judgment did not dispose of Schlipf's claim for prejudgment interest, the judgment constituted a partial summary judgment and was an interlocutory and unappealable order. The court of appeals overruled Sun Oil's motion, with one justice dissenting.

The crucial question before us is whether the judgment rendered by the trial court was final or interlocutory. A final judgment is one disposing of all issues and parties in the case. *North East Independent School District v. Aldridge,* 400 S.W.2d 893 (Tex.1966). It is an established rule that if the only order in the trial court is one overruling a motion for summary judgment, then that order is interlocutory and no appeal will lie therefrom. *Novak v. Stevens,* 596 S.W.2d 848 (Tex.1980); *Tobin v. Garcia,* 159 Tex. 58, 316 S.W.2d 396 (1958). Furthermore, no appeal will lie from a partial summary judgment unless there is an order of severance. *Pan American Petroleum Corp. v. Texas Pacific Coal & Oil Co.,* 159 Tex. 550, 324 S.W.2d 200 (1959).

We agree with the court of appeals that the judgment rendered by the trial court was a final judgment in that it expressly disposed of all parties and issues in the case. It did so in the form suggested in *North East Independent School District v. Aldridge, supra.* We recognized in *Aldridge* that the finality of judgments for appeal has been a recurring and nagging problem throughout the judicial history of this state. In order to avoid confusion over whether a judgment is final, this Court suggested that careful drafting should be used to make the intent clear. We said:

Of course, the problem can be eliminated entirely by a careful drafting of judgments to conform to the pleadings or *by inclusion in judgments of a simple statement that all relief not expressly granted is denied* (emphasis added).

The judgment signed herein grants Schlipf certain specific relief and orders execution to issue for collection of the sums

awarded. It then provides that this relief is in satisfaction of all claims asserted by Schlipf and that "all claims and/or causes of action herein asserted by all parties herein and not herein granted are hereby in all things denied and concluded." This provision expressly disposes of all parties and issues in the case, including Schlipf's claim for prejudgment interest. The judgment was final and the parties had no alternative but to appeal. All parties timely perfected their appeal and have continued to assert same.

We are not to be understood as authorizing a trial court to grant affirmative relief to a party in the absence of such party's motion for summary judgment. *See Wright v. Wright,* 154 Tex. 138, 142, 274 S.W.2d 670, 674 (1955); Hittner, *Summary Judgments in Texas,* 43 TEX. B.J. 11, 17 (1980); STATE BAR OF TEXAS, APPELLATE PROCEDURE IN TEXAS § 3.5(4) (2d ed. 1979). In the instant case the trial court granted Schlipf's motion for summary judgment in part and denied him all other relief. The judgment was drafted in the form of a final judgment. Neither party has complained of the form of the judgment and we are unwilling to consider such error as fundamental. *See Cox v. Johnson,* 25 Tex.Sup.Ct.J. 418, 638 S.W.2d 867 (July 10, 1982).

The application for writ of error is refused, no reversible error.