**Thomas Ansbro SAKSER, Appellant,**

v.

**Richard T. FITZE, Appellee.**

**No. 05–85–01148–CV.**

Court of Appeals of Texas, Dallas.

April 1, 1986.

William Nelson, Dallas, for appellant.
Larry Oubre, Dallas, for appellee.

Before GUITTARD, C.J., and DEVANY and McCLUNG, JJ.

GUITTARD, Chief Justice.

Appellee, defendant in the trial court, has moved to dismiss this appeal on the ground that the judgment is not final. Originally, we overruled the motion to dismiss, but, on consideration of further written arguments filed by both parties, we now dismiss the appeal.

Appellant, as plaintiff in the trial court, filed a petition alleging five separate claims, which he refers to as "causes of action." Appellee moved for summary judgment with respect to only one of the five claims and filed special exceptions with respect to another. The trial court granted the motion for summary judgment and sustained some of the special exceptions, but did not sever the other claims, and appel-lant attempted to appeal from the order embodying these rulings. On a suggestion by this court that the order was not final, appellant filed a supplemental transcript containing an amended order in identical language except for one additional provision: "All relief not expressly granted herein is denied."

Appellant contends that both orders are appealable because they finally dispose of one complete "cause of action" by summary judgment and effectively dispose of another by sustaining special exceptions, leaving the remaining three "causes of action" for later litigation. He seeks to distinguish such cases as *North East Independent School District v. Aldridge,* 400 S.W.2d 893 (Tex.1966), and *Pan American Petroleum Corp. v. Texas Pacific Coal & Oil Co.,* 159 Tex. 550, 324 S.W.2d 200 (1959), on the ground that they concerned judgments failing to dispose of parties other than those involved in the appeal, whereas all parties to this appeal were before the trial court at the summary-judgment hearing.

■ Appellant misreads these cases. They are in accord with the long-standing rule that, to be final, a judgment must dispose of all issues as well as all parties involved in the suit. *Baker v. Hansen,* 679 S.W.2d 480, 481 (Tex.1984); *Steeple Oil & Gas Corp. v. Amend,* 394 S.W.2d 789, 790 (Tex.1965); *Wagner v. Warnasch,* 156 Tex. 334, 295 S.W.2d 890, 892 (1956). Consequently, a final judgment must dispose of all claims asserted in the pleadings between the parties although only two parties are involved. Clearly, the first summary judgment was not final, even with respect to the one claim challenged in appellee's motion for summary judgment, because the other four claims remained pending and had not been severed.

Appellant further contends that the second order is final, even if the first was not, because of the added "Mother Hubbard" provision purporting to deny all relief not expressly granted. We cannot agree. The provision, "All relief not expressly granted herein is denied," was suggested by the

supreme court in *North East* as eliminating the necessity of resorting to a presumption that all parties and issues are disposed of by a judgment "not intrinsically interlocutory" after a conventional trial on the merits. 400 S.W.2d at 897–98. The original order in the present case was "intrinsically interlocutory" because it was a partial summary judgment disposing of only one of several separate but unsevered claims. The amended order is final only if it disposes of the remaining claims. At the summary-judgment hearing the trial court could not properly finally dispose of claims concerning which no motion for summary judgment had been filed. *Teer v. Duddlesten,* 664 S.W.2d 702, 704 (Tex.1984).

■ The question for our decision, therefore, is whether the "Mother Hubbard" provision in the amended order converts the intrinsically interlocutory partial summary judgment into a final judgment erroneously disposing of claims concerning which no motion for summary judgment has been filed. We hold that such a provision does not have that effect. If such a rule were rigidly applied, then any order, no matter how clearly interlocutory and regardless of the stage of the litigation, would become a final judgment disposing of the entire suit when this provision is added. On that theory, an order on special exceptions or an order on a motion concerning discovery could be converted into a final take-nothing judgment without consideration of the merits, although the court's intent in inserting the "Mother Hubbard" provision may have been only to deny any other relief sought at the interlocutory hearing.

Appellant relies on *Schlipf v. Exxon Corp.,* 644 S.W.2d 453, 454–55 (Tex.1982), in which the supreme court held that a "Mother Hubbard" provision somewhat more explicit than that in the present case made an otherwise partial summary judgment final. There the trial court granted the plaintiffs' motion for summary judgment with respect to their main claim and expressly denied their claim for prejudgment interest, although the defendant had filed no motion for summary judgment. The *Schlipf* judgment contained a provision that "the relief herein granted Plaintiffs ... is in satisfaction of all their claims and causes of action asserted in their Second Amended Petition herein and all claims and/or causes of action herein asserted by all parties herein and not herein granted are hereby in all things denied and concluded...." The supreme court held the judgment to be appealable, but expressly declined to approve the granting of summary-judgment relief to a party that had not moved for summary judgment. We do not regard *Schlipf* as controlling here because the *Schlipf* judgment explicitly disposed of all claims alleged in the plaintiffs' petition, whereas the present judgment does not explicitly refer to all issues and claims alleged in the pleadings.

Appellant also cites *Teer v. Duddlesten,* 664 S.W.2d 702, 704–05 (Tex.1984), in which the supreme court held that a summary judgment in favor of three defendants was erroneous because only two of the defendants had moved for summary judgment. The *Teer* opinion, in discussing *Schlipf,* points out that in *Schlipf* the trial court made a partial summary judgment final, though erroneously, by language expressly disposing of all issues and claims raised by the pleadings. Chief Justice Pope, speaking for the supreme court in *Teer,* observes that the "Mother Hubbard" language has no place in a partial summary judgment because the concepts of partial summary judgment and a judgment presumed to determine all issues are inconsistent. 664 S.W.2d at 704.

*Teer* does not hold, however, that the inclusion of inappropriate "Mother Hubbard" language in an interlocutory order sustaining a partial summary judgment must *always* be interpreted as a final adjudication of the entire litigation. The effect of a judgment must be determined from its provisions in light of the matters before the court at the time it is rendered. *See*

*Lone Star Cement Corp. v. Fair*, 467 S.W.2d 402, 405 (Tex.1971).

In the present case, the order is "intrinsically interlocutory" because it disposes of only one of the five claims alleged in the petition and sustains special exceptions with respect to another. *See North East*, 400 S.W.2d at 897. Obviously, the trial court did not intend to render a final judgment denying relief on all five of appellant's claims when appellee had moved for summary judgment with respect to only one of them and had only filed special exceptions directed to another. At the hearing on appellee's special exceptions and motion for summary judgment, neither party had reason to believe that the court would then finally adjudicate claims concerning which no motion for summary judgment had been filed. *See Teer*, 664 S.W.2d at 704. Neither party understands it now to be a final judgment denying all claims, as their written arguments in this court demonstrate. In this context, the provision, "All relief not expressly granted herein is denied," if it has any effect at all, must be taken to mean that the court denies all other relief sought at the hearing on appellee's special exceptions and motion for summary judgment. Consequently, notwithstanding the "Mother Hubbard" provision, we hold that the amended order, like the original, is not a final, appealable judgment.

This holding is supported by *Springwoods Shopping Center, Inc. v. University Savings Association*, 610 S.W.2d 177, 178–79 (Tex.Civ.App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.), where the trial court granted a summary judgment denying the plaintiffs' claim, but did not dispose of or sever the separate and independent counterclaim and cross-actions asserted by and between the third-party defendants. Despite a "Mother Hubbard" provision like the one here, the appellate court refused to apply the presumption in favor of finality discussed in *North East* and dismissed the appeal.

Appeal dismissed.