James E. ROSS and J. Douglas Sutter, Appellants,

v.

ARKWRIGHT MUTUAL INSURANCE COMPANY Formerly Named Arkwright–Boston Manufacturers Mutual Insurance Co., Mutual Marine Office, Inc., Brice Leon, Felix Salgado, Jr., Gonzalo Sosa, Charles R. Lipcon, Stevens F. Mafrige, Ronald Kormanik, Mafrige & Kormanik, P.C., Thomas N. Thurlow, Thomas A. Brown, G. Byron Sims and Brown, Sims, Wise & White, P.C., Appellees.

No. B14–91–00485–CV.

Court of Appeals of Texas, Houston (14th Dist.).

May 7, 1992.

Opinion on Motion for Rehearing June 18, 1992.

Rehearing Denied Sept. 10, 1992.

Newton B. Swartz, Daniel O. Goforth, Charlene Rhodes Lewis, Sally Takacs, Houston, for appellants.

David E. Sharp, William J. Boyce, Steven A. Lehy, Charles L. Cotton, Andrew S. Hanen, Houston, for appellees.

Before PAUL PRESSLER, MURPHY and CANNON, JJ.

## OPINION

CANNON, Justice.

This is an appeal from summary judgments granted in favor of appellees. Appellants bring a single point of error alleging the trial court erred in granting the summary judgments in favor of appellees. We dismiss the appeal.

In 1980, Gonzalo Sosa, a seaman, suffered injuries on the M/V Lago Izabal, a ship owned by Tracey Navigation. Mr. Sosa sued Tracey Navigation and the M/V Lago Izabal in federal court for personal injuries he sustained as a result of an explosion aboard the ship. Tracey Navigation was represented by the firm of Ross, Griggs & Harrison. Ross, a partner in the firm, and Sutter, an associate, were the attorneys handling the personal injury suit. Sosa was represented by Stevens F. Mafrige and Ronald Kormanik of Mafrige & Kormanik, P.C. (the Mafrige group). After a bench trial in federal court, Sosa obtained a judgment for approximately twenty-five million dollars. The Fifth Circuit affirmed the judgment in part and reversed and remanded in part to the federal district court. On November 9, 1984, the federal district court entered a judgment in Sosa's favor for approximately thirteen million dollars. *See Sosa v. M/V Lago Izabal,* 736 F.2d 1028 (5th Cir.1984).

Following the award in the personal injury suit, Tracey Navigation and its excess insurance carrier, Arkwright Manufacturers Mutual Insurance Company (Arkwright), brought separate legal malpractice suits against Ross and Sutter and against Ross, Griggs & Harrison in federal court for their handling of the personal injury suit. In its suit, Arkwright also sued other insurance carriers. The claims against the insurance carriers are not at issue in this suit. F.E. Billings represented Tracey Navigation in the malpractice action, and Thomas A. Brown, G. Byron Sims and their firm, Brown, Sims, Wise & White, P.C. (the Brown group), represented Arkwright. After the personal injury suit became final, the Mafrige group, on behalf of Sosa, settled Sosa's claims with Tracey Navigation and the Arkwright group for five million dollars. As a part of this settlement, Tracey Navigation and Arkwright assigned a portion of their legal malpractice claims against Ross and Sutter and Ross, Griggs & Harrison to Sosa. Later, the malpractice suits against Ross and Sutter and the firm were consolidated into a single suit. In the consolidated legal malpractice suit, the Mafrige group and Charles R. Lipcon represented Sosa, Thomas N. Thurlow represented Tracey Navigation, and the Brown group continued to represent Arkwright.

The federal trial court ordered separate trials for the legal malpractice claims and the claims against the other insurance carriers. On August 31, 1989, the court called the legal malpractice suit for trial. At that time, Tracey Navigation, Sosa and Arkwright advised the court that a settlement had been reached with Ross, Griggs & Harrison for $250,000. The parties also dismissed their claims against Sutter. Following a bench trial, the trial court entered a take-nothing judgment in favor of Ross. In September of 1989, Ross and Sutter filed separate motions for sanctions under rule 11 of the Federal Rules of Civil Procedure against Arkwright, the Mafrige group, Lipcon, and Sosa. The motions alleged that the legal malpractice suit was groundless and brought in bad faith. The federal trial court denied the motions. Ross and Sutter appealed the denials to the Fifth Circuit. The Fifth Circuit dismissed the appeal of the denial of the rule 11 sanctions because the insurance claims were still pending. Therefore, the court held, there was no final judgment from which an appeal could be prosecuted.

On March 16, 1990, Ross filed an original petition in state court against appellees. On January 11, 1991, Sutter intervened and adopted the claims asserted by Ross in his petition. The trial court eventually granted summary judgments in favor of all appellees. Appellants appeal from the orders granting summary judgments in favor of

the appellees.[1]

■ This court must first determine which pleadings were live when the motions for summary judgments were filed, and thereby identify the causes of action asserted by appellants. Appellants contend the trial court abused its discretion when it struck appellant Ross' third amended original petition and Sutter's first amended original petition in intervention. On April 19, 1991, after all appellees had filed their motions for summary judgment, Ross and Sutter filed amended pleadings that added additional causes of action for conspiracy to commit tortious interference with a business contract and tortious interference with a business contract. With the exception of these additional causes of action, the allegations in the new pleadings were identical to those in Ross' second amended original petition and Sutter's original petition in intervention. On April 29, 1991, the Brown group filed a motion asking the trial court to strike Ross' third amended petition and Sutter's first amended petition in intervention. The trial court granted this motion. On appeal, appellants present several arguments contending this action by the trial court was in error; however, appellants never presented these arguments to the trial court after the court struck their amended pleadings.

Rule 52(a) states, in pertinent part:

In order to preserve a complaint for appellate review, a party must have presented to the trial court a timely request objection or motion, stating the specific grounds for the ruling he desired the court to make ...

Tex.R.App.P. 52(a).

Rule 52(a) applies to summary judgment cases. *Vawter v. Garvey,* 786 S.W.2d 263, 264 (Tex.1990) (per curiam); *A.C. Collins Ford, Inc. v. Ford Motor Co.,* 807 S.W.2d 755, 760 (Tex.App.—El Paso 1990, writ de-

nied); *White v. Wah,* 789 S.W.2d 312, 318 (Tex.App.—Houston [1st Dist.] 1990, no writ). Nothing in the record indicates that appellants raised the complaints asserted here before the trial court. Having failed to preserve any complaint regarding the stricken pleadings under rule 52(a), appellants cannot urge such arguments on appeal. Therefore, the live pleadings, i.e., the pleadings to which the motions for summary judgment should have responded, are Ross' second amended original petition and Sutter's original petition in intervention.

Ross' second amended original petition against all appellees contained claims of malicious prosecution, slander, libel, negligence, and civil conspiracy. Because Sutter's original petition in intervention simply adopts the claims asserted by Ross in his second amended original petition, Sutter has asserted the same causes of action against appellees. Appellees filed separate motions for summary judgment in response to the claims asserted by Ross and Sutter. Some of the appellees filed one motion as to both Ross and Sutter, while others filed separate motions as to each. This court turns first to appellants' contention that, because all appellees did not specifically address certain claims pled by appellants, appellees failed to meet their summary judgment burden of proof as required under Tex.R.Civ.P. 166a(c).

In all, there were eight motions for summary judgment filed by appellees. Arkwright, Mutual Marine Office, Inc., Brice Leon, and Felix Salgado, Jr. (the Arkwright group) filed two motions for summary judgment: one against each of the appellants.[2] Each motion, however, contains the same grounds as to each appellant. The motions filed by the Arkwright group address only the claim of malicious prosecution. The motions fail to address the other claims brought by appellants, i.e., libel, slander, negligence, and civil conspiracy.[3]

---

1. Though Gonzalo Sosa was a named defendant in the suit brought by appellants, he was subsequently non-suited and is, therefore, not part of this appeal.

2. Mutual Marine Office, Inc., Brice Leon, and Felix Salgado are all associated with Arkwright.

The briefs are unclear as to the exact nature of the association.

3. The Arkwright group alleges in its brief that the defamation claims were addressed in its brief in support of motion for summary judgment; however, there is no record citation to

Appellee Thurlow filed separate motions for summary judgment as to each appellant. In his motions, Thurlow addresses malicious prosecution and responds somewhat vaguely to the conspiracy claim; however, he fails to address libel, slander, and negligence. The Brown group also filed separate motions for summary judgment as to Ross and Sutter. The motions address all claims asserted by appellants except negligence. Appellee Lipcon filed one motion for summary judgment as to both Ross and Sutter. Lipcon addressed all causes of action urged by appellants except negligence. The Mafrige group filed one motion for summary judgment as to appellants, and addressed all the claims asserted by appellants. The Mafrige group addressed the negligence cause of action in its reply to Ross and Sutter's response to the motion for summary judgment. Though the Mafrige group never specifically mentions negligence, it asserts that appellants have only a malicious prosecution claim and the other causes of action are improperly fractured out of that one cause of action. From the motions for summary judgment filed by the appellees, it is clear that not all appellees addressed all causes of action asserted by Ross and Sutter. In fact, only the Mafrige group responded to every claim brought by appellants.

■ Appellees have devised several arguments in response to appellants' contention that not all of the causes of action were addressed in the motions for summary judgment. The argument asserted by a majority of appellees is that appellants stated only a cause of action for malicious prosecution and nothing more. While such an argument may be true, appellees never made this argument to the trial court in their motions for summary judgment, and thus it may not be raised for the first time on appeal. *See City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 675 (Tex.1979); TEX.R.CIV.P. 166a(c). The most difficult arguments involve the negligence claim asserted by Ross and Sutter. Every appellee except the Mafrige group failed to address this claim. On appeal, some appellees argue that: (1) Ross' second amended original petition and Sutter's original petition in intervention do not assert negligence; (2) negligence is improperly fractured out of the other claims, and therefore does not constitute a cause of action; (3) the summary judgment proof as to the causes of action that were addressed negates the negligence claim because it is nothing more than the same causes of action already asserted simply disguised as negligence, e.g., "negligent defamation"; and/or (4) the negligence claim fails as a matter of law because appellees owed no duty to appellants' client.

As to the first argument, we disagree. Ross' second amended original petition clearly asserts a negligence claim. During oral argument, Lipcon's attorney admitted that a "weird form of negligence" was pled, and argued it was meritless using arguments two and four as set out above.

■ As to the second argument, while it may be true, no appellee, except the Mafrige group, made this argument in its motion for summary judgment, and thus only Mafrige can raise it on appeal. *See Clear Creek Basin Auth.*, 589 S.W.2d at 675. The third argument, that the summary judgment proof as to the causes of action that were addressed negates the negligence claim, is technically correct in part; however, appellants, while alleging that appellees negligently defamed them, also contended that appellees were negligent in omitting to tell appellants' client that the legal malpractice claim was without merit. Therefore, the summary judgment proof as to the other causes of action does not completely defeat the negligence claim.

■ This third argument ties in with the fourth wherein certain appellees contend that as a matter of law appellees owed no duty to appellants' client and under the rules of professional conduct could not have ethically contacted appellants' client, and therefore, appellees were not negligent as a matter of law. This argument, while

this document and this court has not found that document in the transcript. This document,

however, is not dispositive as to any issue in this case.

perhaps meritorious, was not alleged in any of the motions for summary judgment. It appears, improperly, for the first time in this appeal. *See id.* Only one of the four arguments above was presented to the trial court via a motion for summary judgment. The Mafrige group made the second argument in the trial court, and therefore addressed all causes of action asserted by appellants, including negligence.

■ All appellees, except the Mafrige group, failed to address one or more of the causes of action asserted by appellants: the Arkwright group failed to address defamation, negligence, and conspiracy; Thurlow failed to address defamation and negligence; and the Brown group and Lipcon failed to address negligence. The fact that the claims asserted by the appellants may have no merit should have been addressed in the motions for summary judgment, not in the briefs presented to this court on appeal. Therefore, we must decide the appropriate disposition of the case in light of the foregoing facts.

■ A motion for summary judgment must state the specific grounds upon which judgment is sought. *Clear Creek Basin Auth.*, 589 S.W.2d 671, 676; *Hall v. Harris County Water Control & Improvement Dist. No. 50*, 683 S.W.2d 863, 867 (Tex. App.—Houston [14th Dist.] 1984, no writ); TEX.R.CIV.P. 166a(c). Further, rule 166a(c) states that an appellate court may not consider as grounds for reversal any issues not expressly presented to the trial court in the written motion for summary judgment. *See Hall*, 683 S.W.2d at 867. Under Texas case law, a summary judgment that fails to dispose of all parties and issues is interlocutory and not appealable unless the trial court orders a severance as to the undisposed parties or issues. *Pan American Petroleum Corp. v. Texas Pac. Coal & Oil Co.*, 159 Tex. 550, 324 S.W.2d 200, 200 (1959). If the trial court has not ordered a severance as to the undisposed parties or issues, the summary judgment is interlocutory and the appeal should be dismissed for want of jurisdiction. *See id.* 324 S.W.2d at 201. A summary judgment is thus interlocutory and unappealable if it fails to dispose

of all parties or issues and the trial court has ordered no severance. The supreme court has further held that a party may not be granted judgment as a matter of law on a cause of action not addressed in a summary judgment proceeding. *Chessher v. Southwestern Bell Tel. Co.*, 658 S.W.2d 563, 564 (Tex.1983). The court has frequently held that a summary judgment is appealable only if it is final, and that judgment is final only if it disposes of all issues and parties. *See, e.g., Teer v. Duddleston*, 664 S.W.2d 702, 703 (Tex.1984); *Hunt Oil Co. v. Moore*, 639 S.W.2d 459, 460 (Tex. 1982); *Pan American Petroleum Corp.*, 324 S.W.2d at 200. Thus, courts throughout the state have held that a summary judgment that does not dispose of all the parties or issues is one that is interlocutory. *See, e.g., Teer*, 664 S.W.2d at 703; *Schlipf v. Exxon Corp.*, 644 S.W.2d 453, 454 (Tex.1982); *Springwoods Shopping Ctr. v. University Sav. Ass'n*, 610 S.W.2d 177, 178 (Tex.Civ.App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.); *Dixon v. Shirley*, 531 S.W.2d 386, 388 (Tex.Civ.App.—Corpus Christi 1975), *writ ref'd n.r.e. per curiam*, 545 S.W.2d 441 (Tex.1976). According to the supreme court the only way to make an interlocutory summary judgment final and appealable is to sever the unadjudicated issues and parties. *Pan American Petroleum Corp.*, 324 S.W.2d at 200–01. Thus, it is clear from a long line of holdings that a summary judgment that does not dispose of all parties or issues is interlocutory, and the law is clear in Texas that an appellate court may not review interlocutory judgments except as provided by statute. *See Pelt v. State Bd. of Ins.* 802 S.W.2d 822, 826 (Tex.App.—Austin 1990, no writ); TEX. CIV.PRAC. & REM. CODE ANN. § 51.014.

Although the supreme court recites these rules, it has disposed of summary judgment cases in a manner inconsistent with these rules. The court treats some summary judgments as final and appealable, while dismissing others as interlocutory. *Compare Teer*, 664 S.W.2d 702 *with New York Underwriters Ins. Co. v. Sanchez*, 799 S.W.2d 677 (Tex.1990) (per curiam). Analysis of these holdings reveals certain factual distinctions underlying the supreme

court's disparate treatment of these summary judgment cases.

In *Schlipf v. Exxon*, the supreme court found a trial court order granting summary judgment final even though the judgment failed to mention the plaintiff's claim for prejudgment interest. *Schlipf*, 644 S.W.2d at 455. The trial court's order granting summary judgment contained a "Mother Hubbard" clause,[4] and the supreme court held that the use of the Mother Hubbard clause "expressly disposes of all parties and issues in the case, including Schlipf's claim for prejudgment interest." *Schlipf*, 644 S.W.2d at 455. The court added that the judgment was drafted in the form of a final judgment, and since neither party complained of the form of the judgment, the court refused writ of error. *Id.*

In *Teer v. Duddleston*, the trial court granted summary judgment in favor of all defendants even though only two had moved for summary judgment. 664 S.W.2d at 702–03. There was no severance. The supreme court held that the trial court should have entered a partial or interlocutory summary judgment. *Id.* at 705. Rather than dismissing the appeal, however, the supreme court reversed the judgment and remanded only the cause of action against the defendant who had not moved for summary judgment. *Id.* While acknowledging that a summary judgment that fails to dispose of all parties or issues is interlocutory, the court did not dismiss the appeal as an attempted appeal of an interlocutory and unappealable order as *Pan American* and rule 166a(c) would seem to require. Rather, the *Teer* court impliedly severed the case, remanding only the cause of action against the non-movant, and treated as final the portion of the summary judgment as to the two movants. *See id.* at 704–05. No authority exists for implying a severance.

Further, in discussing the use of a Mother Hubbard clause, the court stated that in a conventional trial on the merits, the use of a Mother Hubbard clause eliminates the

problem of whether or not the trial court disposed of all issues and parties before it. *Schlipf*, 644 S.W.2d at 454. However, the court recognized that this rule does not apply to summary judgment cases where certain parties or issues are not before the trial court, i.e., the party has not moved for summary judgment. *Id.* Indeed, the court has held that the Mother Hubbard clause has no place in a **partial** summary judgment. *Teer*, 664 S.W.2d at 704 (emphasis supplied). This holding is subject to two interpretations: (1) that a Mother Hubbard clause is inappropriate in an order granting a motion for partial summary judgment; or (2) that a Mother Hubbard clause is inappropriate in an order granting a motion for summary judgment that fails to address all issues or parties. In using the word "partial," we do not believe the supreme court meant to limit its holding to cases where a party moves for partial summary judgment. Rather, we interpret "partial summary judgment" to mean those summary judgment cases where the movant fails to address all parties or issues in the motion for summary judgment. This interpretation, however, creates a conflict between *Teer* and *Schlipf*, where the court held that an order granting a motion for summary judgment that failed to address all issues was final because the order contained a Mother Hubbard clause. Rule 166a(c) states that the motion for summary judgment shall set out the specific ground upon which judgment is sought, and issues not expressly presented to the trial court in the motion shall not be considered as grounds for reversal. TEX.R.CIV.P. 166a(c). The trial court's use of Mother Hubbard language in its order granting summary judgment does not bring a party into compliance with this rule. *See Sakser v. Fitze*, 708 S.W.2d 40, 43 (Tex.App.—Dallas 1986, no writ). Either the issues were presented to the trial court in the motion for summary judgment or they were not. The use of a "catch-phrase" cannot present issues to the trial court.

---

4. The typical Mother Hubbard clause reads: all relief not expressly granted is hereby denied. This phrase was suggested by the supreme court in *North East Indep. Sch. Dist. v. Aldridge*, 400 S.W.2d 893, 897–98 (Tex.1966), a case involving a conventional trial on the merits:

Again, in *Chessher v. Southwestern Bell Tel. Co.*, 658 S.W.2d 563 (Tex.1983), the trial court granted summary judgment as to all of plaintiff's causes of action even though the motion for summary judgment addressed only one asserted claim. The supreme court did not find judgment interlocutory and unappealable, but as in *Teer*, reversed the judgment and remanded only the unaddressed causes of action to the trial court. The judgment in *Chessher*, as in the cases cited above, contained a Mother Hubbard clause.

Following the supreme court's lead, the First Court of Appeals acted similarly in *Wheeler v. Yettie Kersting Memorial Hosp.*, 761 S.W.2d 785 (Tex.App.—Houston [1st Dist.] 1988, writ denied). That court held that even though the motion for summary judgment did not address all of the claims asserted by the plaintiff, the judgment was final and appealable because the judgment contained a Mother Hubbard clause. *Id. citing Schlipf*, 644 S.W.2d at 455. The court reformed the judgment to reflect an interlocutory judgment as to the claims addressed in the motion for summary judgment and remanded the unaddressed claims back to the trial court. *Id.* at 787.

■ Based on the holdings in *Teer* and *Chessher*, the supreme court treats a summary judgment as final and appealable, though remanding unadjudicated issues and parties to the trial court, where the judgment on its face purports to be a final judgment. In other words, if the summary judgment order specifically refers to all issues and parties or contains a Mother Hubbard clause, the supreme court holds that, although the trial court erred in not rendering a partial and interlocutory judgment, the judgment is to be treated as final for appeal purposes. *See Teer*, 664 S.W.2d at 704–05; *Chessher*, 658 S.W.2d at 564.

On the other hand, where the summary judgment does not specifically state that it disposes of all parties and issues and where the order granting summary judgment contains no Mother Hubbard language, the supreme court holds the judgment interlocutory and unappealable, and dismisses the case. *See New York Underwriters Ins. Co. v. Sanchez*, 799 S.W.2d 677, 679 (Tex. 1990) (per curiam); *see also, Chase Manhattan Bank v. Lindsay*, 787 S.W.2d 51, 53 (Tex.1990) (orig. proceeding) (where trial court granted defendant's motion for summary judgment on plaintiff's claim and then refused to allow defendant to initiate discovery on counterclaim, supreme court held trial court retained jurisdiction because summary judgment was interlocutory). In *Sanchez*, the plaintiff sued the defendants for breach of the duty of good faith and fair dealing and violations of the DTPA. *Sanchez*, 799 S.W.2d at 678. The defendants asserted a counterclaim for attorney's fees as to the DTPA claim, alleging the claim was groundless and brought in bad faith. *Id.* The defendants filed a motion for summary judgment, and the trial court granted summary judgment in favor of the defendants, but its judgment did not dispose of the defendants' counterclaim. *Id.* The trial court's judgment granted defendants' motion for summary judgment and decreed that plaintiff take nothing by and under his claims against the defendants, and that the defendants shall go hence without day, with costs to be taxed against the plaintiff. *Id.* The plaintiff appealed and both parties, in their arguments to the court of appeals and the supreme court, briefed the case as if the summary judgment were final and appealable. *Id.*

The supreme court held that in the absence of a statute making an interlocutory order appealable, a judgment is final and appealable if it disposes of all issues and parties, including those presented by counterclaim or cross action. *Id.* at 678–79. Because the judgment failed to dispose of the defendants' counterclaim, the court held that the summary judgment was interlocutory and unappealable. *Id.* at 679. The court further held that the court of appeals erred in assuming jurisdiction, and that, even though neither party asserted the issue, the error was fundamental jurisdictional error that should have been noticed by the court. *Id.* The court then

dismissed the appeal for want of jurisdiction. *Id.*[5]

*Sanchez* is distinguishable from *Schlipf, Teer* and their progeny in that the *Sanchez* order contained no Mother Hubbard clause nor any other express reference to the parties or issues. Thus, in determining whether a summary judgment is final and appealable or interlocutory and unappealable, the supreme court apparently focuses on whether the order contains Mother Hubbard language.

It seems obvious that where a movant styles his motion as "Motion for Partial Summary Judgment" and the trial court's order states that it grants partial summary judgment, the judgment does not dispose of all issues and parties and is interlocutory and unappealable. Where the motion is not styled as a motion for partial summary judgment, but it nevertheless addresses some, but not all claims alleged, it seems equally clear that the order granting the motion does not dispose of all issues and parties and is effectively a grant of partial summary judgment. In either case, we believe an order granting a motion for summary judgment that fails to address all issues and parties should be held interlocutory and unappealable despite the inclusion of any Mother Hubbard language. The supreme court, however, holds otherwise. *See Teer*, 664 S.W.2d at 704–05; *Chessher*, 658 S.W.2d at 563.

Despite supreme court's holdings in *Teer* and *Chessher*, at least two court of appeals have determined that where a motion for summary judgment does not address all of the plaintiff's claims, the trial court's order granting the motion is interlocutory and unappealable despite the trial court's inclusion of a Mother Hubbard clause in the order. *See Bethurum v. Holland*, 771 S.W.2d 719 (Tex.App.—Amarillo 1989, no writ); *Sakser v. Fitze*, 708 S.W.2d 40 (Tex. App.—Dallas 1986, no writ). In *Bethurum*, the plaintiffs brought suit as shareholders. 771 S.W.2d at 720. After the defendants moved for summary judgment, the plaintiffs filed an amended petition alleging claims in their individual capacity as well as in their shareholder capacity. *Id.* at 721. The trial court granted the motion for summary judgment and included a Mother Hubbard clause in the order. *Id.* The Amarillo court held that the trial court could not dispose of claims brought in an individual capacity when the motion for summary judgment addressed only those claims brought in a shareholder capacity. *Id.* at 723. Thus, the court held the order was interlocutory and unappealable despite the use of Mother Hubbard language. *Id.*

In *Sakser*, the defendant moved for summary judgment on one of the plaintiff's five claims. *Sakser*, 708 S.W.2d at 41. The trial court entered an order granting the motion and included a Mother Hubbard clause in the order. *Id.* The Dallas court held that a "Mother Hubbard clause does not convert an intrinsically interlocutory partial summary judgment into a final judgment disposing of claims concerning which no motion for summary judgment had been filed." *Id.* at 42. Consequently, the court ruled that the summary judgment order was not final and dismissed the appeal. *Id.* at 43.

We think the approach taken by the Dallas and Amarillo court of appeals is correct and far less confusing in application than the approach of the supreme court; however, courts of appeals are constrained by law to follow precedent set by the Texas Supreme Court. Thus, courts of appeals will continue to wade through this muddy area determining whether to dismiss the appeal or to reverse and remand based on whether the trial court used a Mother Hubbard clause in the order granting summary judgment. Such an approach is, in our opinion, in direct contravention of TEX. R.CIV.P. 166a(c) and the rules mentioned, but not followed by, the supreme court.

---

**5.** As in *Sanchez* and *Chase Manhattan*, the Dallas court of appeals, in *McClennahan v. First Gibraltar Bank,* 791 S.W.2d 607, 608–09 (Tex. App.—Dallas 1990, no writ), held that, although the motion for summary judgment of one defendant addressed all claims raised by the plaintiff, the judgment was interlocutory and unappealable because the trial court's judgment failed to mention the other defendant's counterclaims. *Id.*

■ Since we have already determined that not all of appellees addressed all of the claims presented by appellants, and that there has been no severance, we must now look at the orders granting the eight summary judgments to determine the proper disposition of this appeal. There is no single "final judgment" in the record before us; rather there are eight orders granting summary judgments that together constitute a judgment as to all movants. The orders granting the motions for summary judgment, while not identical in every respect, state in general that the motion for summary judgment is granted to the defendant in question and then states that the plaintiffs should take or recover nothing from said defendant. Some of the orders allow defendants to recover costs from the plaintiffs. Most importantly, however, none of the orders contains a Mother Hubbard clause or expressly refers to all the issues pled by the plaintiffs. Further, there were no severances granted in this case. Thurlow moved for a severance, but this motion was denied by the trial court and appears in the record. The order granting summary judgment in favor of the Mafrige group contains a sentence granting the group a severance; this sentence, however, was purposely crossed out. In light of the foregoing, this court must follow the rule set forth in *Sanchez*, and dismiss the appeal for want of jurisdiction. As noted in our discussion of the *Sanchez* case, where the order granting the summary judgment contains neither a Mother Hubbard clause nor refers expressly to the parties and issues decided, the supreme court dismisses the appeal. The "take nothing" language used by the trial court in its order in *Sanchez* is nearly identical to the language used by the trial court in its order in the case before us.[6] The phrase "take nothing" does not constitute Mother Hubbard language. *See Sanchez*, 799 S.W.2d at 678. Therefore, we must dismiss the appeal for want of jurisdiction.

■ In their post-submission briefs, the Mafrige group and Lipcon argue that TEX.R.APP.P. 80(b) gives this court the authority to examine each of the orders granting summary judgment individually to determine whether to affirm the summary judgment in favor of the particular appellee. This argument is incorrect. Rule 80(b) is simply a list of the types of judgments this court may render. This rule does not confer jurisdiction on the court. To have jurisdiction, the court must have a final judgment to review. As we stated above, there is no single judgment in this case; rather there are a series of orders which together constitute the judgment. None of the appellees received individual judgments nor were any severances granted. Thus, we cannot review each order individually in making our determination. Since we have determined that the judgment in this case is interlocutory, there is no final judgment from which the appellees may appeal, either as a group or individually.

Appeal dismissed.

## OPINION ON MOTION FOR REHEARING

Lipcon, the Brown group, and the Mafrige group filed motions for rehearing alleging this court's opinion conflicts with our decision in *Merrill Lynch Relocation Management v. Powell*, 824 S.W.2d 804 (Tex.App.—Houston [14th Dist.] 1992, orig. proceeding). Appellants are incorrect and the motions for rehearing are overruled.

6. Even if the orders in this case had contained Mother Hubbard language, we believe that dismissal would still be the proper course of action, but we would be constrained from doing so by the holdings in *Teer* and *Chessher* as the majority was in *Schlipf v. Exxon Corp.*, 626 S.W.2d 74 (Tex.App.—Houston [14th Dist.] 1981), *writ ref'd n.r.e. per curiam*, 644 S.W.2d 453 (Tex.1982). As we have stated, we believe that Mother Hubbard language has no place in an order granting a motion for summary judg-ment, especially where all issues and parties have not been addressed. As stated by our learned brother in his dissent in *Schlipf v. Exxon Corp.*, 626 S.W.2d 74, 78 (Tex.App.—Houston [14th Dist.] 1981), *writ ref'd n.r.e. per curiam*, 644 S.W.2d 453 (Tex.1982) (J. Robertson, dissenting), an appeal may be prosecuted only from a final judgment. A summary judgment which does not dispose of all issues or parties in a case is not final, but interlocutory and unap-pealable when there is no severance.

In *Merrill Lynch,* this court held that a summary judgment order containing "take nothing" language disposed of a counterclaim not specifically addressed in the motion for summary judgment. *Id.* at 806. Appellants argue that this conflicts with our holding in the present case that the phrase "take nothing" does not constitute Mother Hubbard language, which indicates the summary judgment disposed of all issues and parties. Appellants, however, have failed to carefully read the opinion in this case and the court's opinion in *Merrill Lynch,* and have selectively quoted from *Merrill Lynch.* The summary judgment order in *Merrill Lynch* stated:

[A]fter considering such Motion, *"Defendants'/Counter–Plaintiffs' Opposition to Plaintiff's/Counter–Defendant's Motion for Summary Judgment" filed herein on July 8, 1988,* the deposition transcripts and trial testimony referenced in the Motion and the response thereto, the pleadings, admissions and affidavits of the parties, and the argument of counsel, [the Court] was of the opinion that such Motion was well taken and should be granted.

It is accordingly ordered ... that [Bryan] take nothing by their counterclaim.

*Id.* (emphasis in the original). After quoting the entire order in *Merrill Lynch,* this court stated that the order clearly disposed of the causes not addressed in the motion for summary judgment because the order specifically recited that the trial court considered Bryan's response to the motion for summary judgment. This response referenced and attached as an exhibit, Bryan's amended answer and counterclaim. Thus, in considering the response, the trial court also considered the amended answer and counterclaim. Accordingly, the summary judgment could and did dispose of all causes of action, even those not addressed in the motion. *Id.*

In this case, we held that, based on the Supreme Court's holdings in *Teer* and *Chessher,* a summary judgment is final and appealable where the judgment on its face purports to be a final judgment, such as where the summary judgment order **specifically refers to all issues and parties, or**

contains a Mother Hubbard clause. *See Teer,* 664 S.W.2d at 704–05; *Chessher,* 658 S.W.2d at 564. The order in *Merrill Lynch* specifically referred to all issues and parties by referencing motions or responses raising all issues. The order in this case, however, simply recited that plaintiffs should take nothing and should pay costs. There was no specific reference to the unaddressed issues or to any summary judgment documents raising those issues. Furthermore, there was no Mother Hubbard clause. Thus, appellants are incorrect in asserting that this court's holding in *Merrill Lynch* conflicts with the holding in this case.

Appellants' motions for rehearing are overruled.