Leslie SPRINGER and The George Oliver Jackson Estate, Appellants,

v.

FIRST NATIONAL BANK OF PLAIN-VIEW, TEXAS, Cowles Liipfert, Trustee for the Francis Adair Jones Trust, and Louis Spruiell, Appellees.

Nos. 07-91-0273-CV, 07-91-0274-CV.

Court of Appeals of Texas, Amarillo.

Dec. 16, 1992.

Rehearing Denied March 31, 1993.

Carr Fouts Hunt Craig Terrill & Wolfe, Donald M. Hunt and Gary Bellair, Lubbock, for appellants.

Crenshaw Dupree & Milam LLP, Cecil Kuhne & Layton Z. Woodul, Sr., Lubbock, LaFont Tunnell Formby LaFont & Hamilton, Bill LaFont, Day Owen Lyle Voss & Owen, Lanny Voss and Kregg Hukill, Plainview, for appellees.

Before REYNOLDS, C.J., and DODSON and BOYD, JJ.

REYNOLDS, Chief Justice.

Leslie Springer and the George Oliver Jackson Estate perfected these companion appeals from summary judgments rendered in their severed actions against First National Bank of Plainview, Texas; Cowles Liipfert, Trustee for the Francis Adair Jones Trust; and Louis Spruiell, decreeing that they take nothing and their causes be dismissed. We do not reach the merits of the appeals, because we must dismiss them for want of jurisdiction inasmuch as the judgments are interlocutory and unappealable.

Leslie Springer leased the East one-half of Section 87, Block A–4 of the EL & RR, RR Co. Survey, Hale County, from the George Oliver Jackson Estate. Springer planted cotton on the land and the crop was growing in November of 1990.

Louis Spruiell owns the Southwest one-fourth of Section 87, Block A–4 of the EL & RR, RR Co. Survey, Hale County. The Francis Adair Jones Trust owns Section 83, Block A–4 of the EL & RR, RR Co. Survey, Hale County, which is situated adjacent to both the Spruiell property and the Jackson Estate's land, and abuts the Estate's land on the west. Cowles Liipfert, as trustee for the Jones Trust, engaged First National Bank of Plainview, Texas to manage the Trust farm. Both Spruiell and the Jones Trust had contracted to place their lands in the Environmental Conservation Reserve Program, commonly referred to as CRP.[1] Unplanted to

---

1. *See* 16 U.S.C.S. §§ 3831, *et seq.* (Law. Co-op   Supp.1992).

crops, these lands became overgrown by weeds.

On or about 26 November 1990, a strong southwesterly wind blew weeds from the Spruiell and Jones Trust lands onto Springer's leased acreage. As the weeds rolled across the Springer acreage, they pulled cotton from the locks of the bolls and lodged between the cotton stalks, severely damaging Springer's cotton crop and making harvest of the remaining cotton more difficult.

Alleging negligent maintenance of the neighboring farms was the cause of damage to the cotton crop, Springer and the Jackson Estate brought suit against the Bank, Liipfert as trustee for the Trust, and Spruiell. The negligence action, docketed as cause no. B25705–9104, was premised upon a duty to control weed growth and prevent the spread of the weeds from causing damage to neighboring farms.

Spruiell responded to the suit with special exceptions, a general and a special denial. His special exceptions were grounded on the contentions that the Springer–Jackson Estate petition failed to state a cause of action, and that there was no legal duty obligating him to control or prevent the growth and spread by wind of naturally occurring weeds.

On 24 April 1991,[2] Spruiell filed a motion for summary judgment on the ground that, as a matter of law, he had no legal duty to take measures to control or prevent the growth and spread of naturally occurring weeds. Hearing on the motion was set for May 20.

In the interim before the hearing, on April 29, the Bank filed its answer, specially excepting to the Springer–Jackson Estate petition for its failure to state a cause of action, and generally denying the allegations in the petition. On May 2, the Jones Trust filed a similar answer.

On May 13, seven days before the hearing on Spruiell's motion for summary judgment, the Springer–Jackson Estate response to the motion was filed. By the response, the court was presented with the contentions that Spruiell's averments were legal conclusions which should be ignored by the court, and that material issues of fact existed to preclude the summary judgment. The fact issues were, in essence, whether Spruiell made a reasonable use of his property and whether the harm done by the weeds was foreseeable to the extent of creating a duty to protect against it.

Although the parties seem to agree that the court orally granted Spruiell's motion for summary judgment and rendered judgment accordingly at the hearing on May 20, there is no written order in the record evincing that action. However, on May 22, Springer and the Jackson Estate filed a motion for rehearing on the summary judgment motion, submitting that Spruiell had misrepresented the holding of the case upon which the court based its decision, *Gulf, C. & S. F. Ry. Co. v. Oakes*, 94 Tex. 155, 58 S.W. 999 (1900). Hearing of the motion, characterized by the court as a "Motion for Rehearing in the Summary Judgment," was set for July 1.

Two days later, on May 24, the Jones Trust moved for summary judgment contending that, as a matter of law, there was no legal duty to control or prevent the natural growth of weeds on the farm, nor to control the natural spreading of weeds. The hearing of this motion was set for July 5.

On June 27, before the scheduled rehearing and hearing of the motions for summary judgment, the Springer–Jackson Estate's original petition was amended. The amended petition not only contained the allegations comprising the originally pleaded cause of action for negligence, but had added allegations of causes of action based on Spruiell's, the Jones Trust's and the Bank's (1) gross negligence in maintaining their respective farms; (2) their creation of a private nuisance, which interfered with the use and enjoyment of the Springer–Jackson Estate farm; (3) negligence per se; and (4) trespass by the dissemination of weeds onto the Springer–Jackson Estate farm.

On June 28, less than seven days prior to the July 1 rehearing date and seven days before the July 5 hearing date, Springer and the Jackson Estate filed amended responses

---

**2.** All dates subsequently recited are dates in calendar year 1991.

to Spruiell's and the Jones Trust's motions for summary judgment. By their amended responses, they urged that the summary judgment affidavits, stating the growth of the weeds and the dissemination thereof were natural occurrences, were mere legal conclusions and should be ignored. Then they contended that genuine issues of material fact existed precluding summary judgment, particularly whether the foreseeability of a risk of harm created a duty to prevent that harm.

On the day set for hearing the motion for rehearing, July 1, Spruiell filed his opposition to the motion, replying that the case of *Gulf, C. & S. F. Ry. Co. v. Oakes,* relied upon by the court in granting the motion for summary judgment, supported the granting of the summary judgment. Spruiell did not address the new causes of action alleged in the Springer–Jackson Estate amended petition.

On the same day, July 1, the court, reciting a hearing on May 20 of Spruiell's motion for summary judgment without mentioning any action then taken, signed a designated order, decreeing that

LOUIS SPRUIELL'S Motion for Summary Judgment against [Springer and the Jackson Estate] be, and hereby is, GRANTED, and that summary judgment be entered in favor of [Spruiell] and that [Springer and the Jackson Estate] have and recover nothing against [Spruiell] by their suit and that this cause is dismissed as to the Defendant, LOUIS SPRUIELL, at [Springer's and the Jackson Estate's] cost.

Four days later, on July 5, the court signed an identical order, except for the approval of the order as to form by the attorneys representing the parties.

At the same time, the court granted Spruiell's motion for severance, and ordered that the claims and causes of action asserted by Springer and the Jackson Estate were severed from the claims and causes of action asserted against the other defendants. The Springer–Jackson Estate causes of action asserted against the Jones Trust and the Bank were assigned cause no. B25881–9107.

On the same day, the Bank filed its motion for summary judgment. Although the motion purports to be based upon, among other matters, the pleadings, including the Springer–Jackson Estate amended original petition, the ground for the motion was not a lack of duty, but was that the weeds were not intentionally or purposely sown and dissemination onto the Springer–Jackson Estate land or "as a result of negligence on the part of" the Bank. Hearing of this motion was set for August 23.

■ Nevertheless, on August 8, 15 days before the date set for the hearing on the Bank's summary judgment motion, the court, reciting a July 5 hearing of the Jones Trust's and the Bank's motions for summary judgment, signed an order granting the motions and rendering summary judgment in cause no. B25881–9107. By the order, phrased similarly to the prior summary judgment order in favor of Spruiell, the court decreed that Springer and the Jackson Estate take nothing against the Jones Trust and the Bank, and that "this cause" is dismissed.[3]

■ At the outset, we note that no party has questioned the finality of the judgments, or our lack of jurisdiction to consider the merits of the appeals if the judgments are interlocutory; but the lack of jurisdiction is fundamental and may not be ignored. *Marshall v. Brown,* 635 S.W.2d 578, 580 (Tex. App.—Amarillo 1982, writ ref'd n.r.e.), *disapproved on another ground, Grand Prairie Sch. D. v. Southern Parts,* 813 S.W.2d 499, 500 n. 4 (Tex.1991). Consequently, if the

---

3. It does not escape notice that each of the two summary judgment orders improperly decreed both a take-nothing judgment and a judgment of dismissal. The submitted affirmative defense of no duty is a plea in bar, and a lack of negligence defeats a negligence cause of action; therefore, if the court deemed the defenses meritorious, take-nothing judgments were required. *Rhodes v. McCarron,* 763 S.W.2d 518, 521 (Tex.App.—

Amarillo 1989, writ denied). A judgment of dismissal would be proper only if the court deemed the Springer–Jackson Estate's live pleadings failed to state a cause of action after they were given the opportunity to amend them upon the sustainment of the special exceptions for that reason. *Texas Department of Corrections v. Herring,* 513 S.W.2d 6, 10 (Tex.1974).

summary judgments are interlocutory, they are not appealable, and our jurisdiction is limited to dismissing the appeals. *Steeple Oil and Gas Corporation v. Amend,* 394 S.W.2d 789, 790 (Tex.1965).

■ Familiar principles applicable to summary judgment proceedings are that pleadings simply outline the issues, *Hidalgo v. Surety Savings and Loan Association,* 462 S.W.2d 540, 543 (Tex.1971), and that when Spruiell, the Jones Trust, and the Bank filed their motions for summary judgment, they had to meet the Springer–Jackson Estate case as pleaded. *Torres v. Western Casualty and Surety Company,* 457 S.W.2d 50, 52 (Tex.1970). A party may amend his pleadings at any time, but if the amendment is offered within seven days of trial, it shall be filed only after leave of court is obtained. Tex.R.Civ.P. 63. However, if the amendment is filed within seven days of trial without leave of court being evinced, leave will be presumed unless the opposing party shows surprise. *Goswami v. Metropolitan Sav. and Loan,* 751 S.W.2d 487, 490 (Tex.1988).

■ In the chronological order of events, Spruiell and the Jones Trust directed their motions for summary judgment, grounded on no duty, only to the Springer–Jackson Estate pleading of a negligence cause of action, the only cause of action then pleaded. However, before the hearings on their motions which lead to the actual rendition of the respective summary judgments, and before the Bank filed its motion for summary judgment on the ground of its lack of negligence, the Springer–Jackson Estate amended petition setting forth the additional causes of action was filed. Even though the amended petition was filed on June 27, only four days before the scheduled July 1 rehearing of Spruiell's motion and hearing of the Jones Trust's motion, without leave of court being evinced, neither Spruiell nor the Jones Trust Bank offered any surprise concerning the new causes of action alleged in the amended petition. Indeed, neither Spruiell, the Jones Trust, nor the Bank filed an answer to the amended petition, albeit the Bank did list the amended petition in its motion for summary judgment as one of the pleadings before the court.

■ Because the court's judgments recite that the court considered the pleadings, leave to file the amended petition is presumed, thereby placing before the court the Springer–Jackson Estate's additional claims of gross negligence, private nuisance, negligence per se, and trespass, as well as their original claim of negligence. *Id.* at 490–91. And, absent an answer to the Springer–Jackson Estate amended pleadings, the factual allegations underlying the causes of action alleged therein are not disputed. *Maxey v. Citizens National Bank of Lubbock,* 507 S.W.2d 722, 724 (Tex.1974). Notwithstanding, the motions for summary judgment filed by Spruiell, the Jones Trust, and the Bank were directed only to the Springer–Jackson Estate's negligence cause of action first pleaded, and they did not address the live issues of gross negligence, private nuisance, negligence per se, or trespass in their motions.

■ Since the summary judgment rule, rule 166a, Texas Rules of Civil Procedure, requires the specific grounds supporting summary judgment to be set forth in the motion for summary judgment, it is axiomatic that one may not be granted judgment as a matter of law on a cause of action not addressed in the summary judgment motion. Thus, if a defendant fails to move for summary judgment on all the causes of action pleaded, a summary judgment on the entire case is improper. *Chessher v. Southwestern Bell Telephone Company,* 658 S.W.2d 563, 564 (Tex.1983). There is no presumption in a partial summary judgment that the judgment was intended to make an adjudication about all parties and issues. *Teer v. Duddlesten,* 664 S.W.2d 702, 704 (Tex.1984).

It follows that the rendition of summary judgments on the entire Springer–Jackson Estate case was unauthorized and improper as to the unaddressed and unsevered causes of action. And since we are without jurisdiction to review the interlocutory summary judgments, *Steeple Oil and Gas Corporation v. Amend,* 394 S.W.2d at 790, the appeals must be dismissed for want of jurisdiction. *McCauley v. Consolidated Underwriters,* 157 Tex. 475, 304 S.W.2d 265 (1957).

Accordingly, the appeals are dismissed for want of jurisdiction.

## ON MOTIONS FOR REHEARING

By their motions for rehearing, Leslie Springer and the Jackson Estate take exception to our sua sponte dismissals of their appeals from summary judgments for want of jurisdiction because all live causes of action were not disposed of by the judgments. Still of the opinion that the dismissals were proper, we will overrule the motions for rehearing.

■ Originally, in determining the judgments were interlocutory and unappealable, we noted that no party had questioned the form of the judgments, by which the trial court granted the summary judgment motions of First National Bank of Plainview, Texas, Cowles Liipfert, trustee for the Francis Adair Jones Trust, and Louis Spruiell, and decreed that Springer and the Jackson Estate both take nothing and that their suits were dismissed. Recognizing that a summary judgment which does not dispose of all parties and issues is interlocutory and unappealable, Springer and the Jackson Estate acknowledge there is, and cite, authority that an appeal from such judgment must be dismissed for want of jurisdiction. Notwithstanding, they submit there is, and cite, authority that a summary judgment purporting to be a final judgment, even if the proceedings do not address all issues and parties, invokes the jurisdiction of the appellate court to consider an appeal taken from the judgment. They then propose that the summary judgments rendered in these causes, the form of which was not complained of by any party, are not interlocutory, albeit not all causes of action were addressed in the summary judgment proceedings, but are final judgments over which this Court has jurisdiction to consider the merits of the claims considered by the trial court, and to reverse the judgment and remand those undisposed of claims for consideration.

The Springer–Jackson Estate presentation highlights the state of disharmony which exists in the treatment given by various courts to summary judgments purporting to be final judgments, but which do not dispose of all parties and issues or erroneously dispose of issues not addressed in the proceedings. Early aware of and concerned about the conflicting decisions, we, nevertheless, have considered we are bound by the cardinal principles, reiterated in a summary judgment proceeding appealed through this Court, that a summary judgment not disposing of all issues is interlocutory and unappealable, and we are without power to review it. *Steeple Oil and Gas Corporation v. Amend*, 394 S.W.2d 789, 790 (Tex.1965).

This Court is not alone in its awareness and concern. In *Ross v. Arkwright Mut. Ins. Co.*, 834 S.W.2d 385 (Tex.App.—Houston [14th Dist.] 1992, writ granted *sub nom. Mafrige v. Ross*, 866 S.W.2d 590), the intermediate appellate court considered an appeal from a merged "take nothing" summary judgment rendered upon the granting of summary judgment motions which did not address all claims. The court, reviewing governing rules and numerous authorities, and noting the Supreme Court's inconsistency in treating some of the summary judgments as interlocutory and unappealable and others as final and appealable, opted for the dismissal approach followed by this Court. 834 S.W.2d at 393. The Supreme Court granted the writ of error on points of error by which there is presented, in effect, the question whether the "take nothing" language made the judgment final for purposes of determining appellate jurisdiction. 36 Tex.Sup.Ct.J. 671 (March 24, 1993). Given the intermediate court's *Ross* opinion, the Supreme Court's decision should provide a definitive answer to the jurisdiction question.

■ In the interim, we will continue to follow the Supreme Court's latest pronouncement of the law, as we must. In *New York Underwriters Insurance Company v. Sanchez*, 799 S.W.2d 677 (Tex.1990), the Court held that a summary judgment which did not dispose of all issues and parties in the case is interlocutory, not final and appealable, and the court of appeals' assumption of jurisdiction over it is jurisdictional fundamental error even though no party asserts it. *Id.* at

679. Our disposition of the present appeals conforms to that pronouncement.

The motions for rehearing are overruled.