**Jose Luis PENA, Appellant,**

v.

**VALLEY SANDIA, LTD., Appellee.**

**No. 13–96–437–CV.**

Court of Appeals of Texas, Corpus Christi.

Jan. 5, 1998.

Rehearing Overruled April 23, 1998.

Jowe Luis Pena, Harlingen, for Appellant.

William A. Faulk, Jr., Brownsville, for Appellee.

Before DORSEY, FEDERICO G. HINOJOSA, Jr. and RODRIGUEZ, JJ.

## OPINION

DORSEY, Justice.

Valley Sandia, Ltd., sued Jose Luis Pena for breach of lease, rents due under the lease, and foreclosure of its landlord's lien. Pena answered with a general denial and Valley Sandia moved for summary judgment. Pena timely responded and, the day before the scheduled hearing on the motion for summary judgment was held, Pena amended his pleading and asserted a counterclaim against Valley Sandia. The trial judge granted a summary judgment on November 10, 1994, giving Valley Sandia all the relief it sought, including a "Mother Hubbard" clause.

The parties then continued the litigation as though this was not a final appealable judgment. They conducted discovery, responded to the court's proposal to dismiss the case for want of prosecution, and Valley Sandia filed a subsequent motion for summary judgment, which was denied, directed against Pena's counterclaim. In May of 1996, Valley Sandia filed a motion for entry of a final judgment and, in the alternative, for special exceptions, claiming for the first time that Pena's First Amended Answer containing the counterclaim should be struck because it was untimely filed without leave of court contrary to rule 63 of the rules of civil procedure. The trial court agreed and, on July 8, 1996, signed another judgment, styled a "final judgment." From that "final judgment," Pena has attempted to perfect appeal.

The most fundamental issue a tribunal addresses is its jurisdiction to act, and because jurisdiction is necessary for the court to have power to act, it may be questioned at any time by any party or the court itself. *McCauley v. Consolidated Underwriters*, 157 Tex. 475, 304 S.W.2d 265, 266 (1957); *Ramsey v. Dunlop*, 146 Tex. 196, 205 S.W.2d 979, 983 (1947). An error in jurisdiction is fundamental, *Pirtle v. Gregory*, 629 S.W.2d 919, 920 (Tex.1982), and courts of appeals retain power to consider fundamental error whether assigned or not. *Dunlop*, 205 S.W.2d at 983.

After examining the judgment dated November 10, 1994, we conclude it was the final judgment in this cause. As no appeal was perfected from it, we must dismiss this appeal for lack of jurisdiction. In *Mafrige v. Ross*, 866 S.W.2d 590 (Tex.1993) the supreme

court examined the finality of summary judgments. It formulated the rule:

> If a summary judgment order appears to be final, as evidenced by the inclusion of language purporting to dispose of all claims or parties, the judgment should be treated as final for purposes of appeal. If the judgment grants more relief than requested, it should be reversed and remanded, but not dismissed. We think this rule to be practical in application and effect; litigants should be able to recognize a judgment which on its face purports to be final, and courts should be able to treat such a judgment as final for purposes of appeal.

*Mafrige,* 866 S.W.2d at 592 (emphasis added).

■ The summary judgment dated November 10, 1994, in the instant case grants Plaintiff's Motion for Summary Judgment and adjudges that Valley Sandia, Ltd., recover from defendant, Jose Luis Pena, $4,400 as the principal debt, prejudgment interest of $177.21, post judgment interest at the rate of ten percent per annum from the date of the judgment until paid, costs of court taxed against defendant, reasonable attorneys' fees in the amount of $1,500, foreclosure of the landlord's lien, and such writs and processes as may be necessary to collect or enforce the judgment. It also provides: "All relief requested and not expressly granted herein is denied." With such language the judgment purports to dispose of all claims for relief and to be final. Accordingly, we must consider the judgment final.

Addressing a similar judgment in *Inglish v. Union State Bank,* 945 S.W.2d 810 (Tex. 1997), the supreme court stated:

> To avoid waiver, [appellant] was required either to ask the trial court to correct the first summary judgment while the court retained plenary power or to perfect a timely appeal of that judgment. *Because he did neither, the court of appeals was without jurisdiction to decide the merits of his appeal.*

*Inglish,* 945 S.W.2d at 811 (emphasis added). Together, then, *Mafrige* and *Inglish* create an exception to the well-established rule that, to be a "final" judgment subject to appeal, a judgment must dispose of all parties and all

issues, *North East Indep. Sch. Dist. v. Aldridge,* 400 S.W.2d 893, 895 (Tex.1966). This exception affords finality to judgments which, though not actually disposing of all parties and issues, *appear* to do just that.

■ As in *Inglish,* Pena did not perfect an appeal from the summary judgment of November 10, 1994, that purported to be a final judgment in this cause. There can be only one final judgment in a lawsuit. Tex.R. Civ. P. 301; *Logan v. Mullis,* 686 S.W.2d 605, 609 (Tex.1985). Given the *Mafrige* presumption and the rule of *Inglish,* the judgment of November 10, 1994 is the final judgment in this cause. The subsequent judgment of the trial court was entered after expiration of the trial court's plenary power over the controversy and is a nullity. Just as the trial court was without jurisdiction to make further judgments in this lawsuit following expiration of its plenary power, we are without jurisdiction to hear any appeal from such null judgments.

This appeal is DISMISSED FOR WANT OF JURISDICTION.