Thomas W. **LOWE**, M.D. and Kristine B. Courtney, Appellants,

v.

Deborah M. **TEATOR**, as Mother and Next Friend of Alexander Jon Teator, a Minor, and James Richard Hagan, as Father and Next Friend of David Ross Hagan, Appellees.

No. 05–97–00929–CV.

Court of Appeals of Texas, Dallas.

Aug. 30, 1999.

Nelly R. Herrera, Asst. Atty. Gen., Tort Litigation Division, Austin, Charles T. Frazier, Jr., Cowles & Thompson, P.C., Dallas, for Appellants.

Thomas H. Bleakley, Law Offices of Thomas H. Bleakley, Grosse Pointe Farms, MI, Michael R. Mitchell, Law Office of Michael R. Mitchell, Dallas, for Appellees.

Before Justices MORRIS, WHITTINGTON, and MOSELEY.

## OPINION

JOSEPH B. MORRIS, Justice.

In this medical malpractice case, we are once again faced with determining the fi-

nality of a summary judgment in light of the dictates set down by the Texas Supreme Court. After reviewing recent authority issued by this state's intermediate courts of appeals, we conclude that, in some cases, the appellate courts have either overextended or misconstrued the rules established by the supreme court to determine a judgment's finality. Specifically, we conclude that a Mother Hubbard clause in a summary judgment order does not always convert an otherwise interlocutory order into a final judgment.

## I.

This appeal follows the trial court's refusal to grant Thomas W. Lowe, M.D. and Kristine B. Courtney summary judgment on the basis of section 101.106 of the Texas Tort Claims Act. Lowe and Courtney contend that, once the trial court granted summary judgment in favor of their governmental employer, the University of Texas Southwestern Medical Center at Dallas, all of appellees' claims against them were barred as a matter of law under section 101.106 and, consequently, the trial court should have granted their respective motions for summary judgment. We conclude that despite the inclusion of a Mother Hubbard clause, the summary judgment in favor of the Medical Center was not final. We have previously held in another opinion that the term "judgment" in section 101.106 necessarily means a final judgment. Because the trial court's judgment in favor of the Medical Center was not final, we affirm the trial court's denial of Lowe's and Courtney's motions for summary judgment.

## II.

The facts underlying this appeal are not complicated. Three sets of parents, individually and on behalf of their minor children, filed a medical malpractice suit alleging that, as a result of prenatal testing procedures performed at the Medical Center, the minor children were born with limb reduction deformities. The plaintiffs named as defendants the Medical Center as well as various medical personnel, including Lowe and Courtney.

On January 15, 1997, the trial court granted summary judgment in favor of the Medical Center on the ground that the claims against it were barred by the plaintiffs' failure to comply with notice provisions in the Texas Tort Claims Act. The trial court ordered that "Donna Loutzenhiser, individually, Stephen N. Loutzenhiser, individually, Deborah M. Teator, individually and as mother and next friend of Alexander Jon Teator, a minor, and James Hagan, individually and as father and next friend of David Ross Hagan, a minor, have and recover nothing from Defendant University of Texas Southwestern Medical Center at Dallas." The order made no reference to the third minor child plaintiff, Stephen Luke Loutzenhiser, or any defendants other than the Medical Center.

In its motion for summary judgment, the Medical Center also requested severance of the claims on which it received summary judgment. The trial judge crossed out all language in the summary judgment relating to severance of the claims and, by doing so, denied the Medical Center's request for severance. The order, however, concluded with the "Mother Hubbard" language "[a]ll other relief not herein granted is denied."

Lowe and Courtney later moved for summary judgment asserting that, because their governmental employer had obtained summary judgment in its favor, the claims against them were barred by section 101.106 of the Texas Tort Claims Act. The trial court denied their motions. Lowe and Courtney bring this appeal of the denial of their motions for summary judgment pursuant to section 51.014(a)(5) of the Texas Civil Practice and Remedies Code and the Texas Supreme Court opinion in *Newman v. Obersteller*, which concluded that section 101.106 is an "immunity" statute subject to interlocutory appeal under section 51.014(a)(5). *See Newman*

*v. Obersteller,* 960 S.W.2d 621, 623 (Tex. 1997).

### III.

■ Lowe and Courtney filed separate appellate briefs. Courtney brings one point of error generally challenging the trial court's denial of her motion for summary judgment. She relies directly on section 101.106. Lowe raises eight points of error more specifically challenging the various grounds upon which the trial court could have denied his motion for summary judgment under section 101.106. In his fifth point of error, Lowe contends the trial court erred in denying his motion because section 101.106 does not require the judgment on the claims against his employer to be final. Courtney makes this argument also.

■ Section 101.106 provides that "[a] judgment in an action or a settlement of a claim under this chapter bars any action involving the same subject matter by the claimant against the employee of the governmental unit whose act or. omission gave rise to the claim." TEX. CIV. PRAC. & REM. CODE ANN. § 101.106 (Vernon 1997). This Court recently held that section 101.106 necessarily contemplates a final judgment before an action against the governmental unit's employee is barred. *See Johnson v. Resendez,* 993 S.W.2d 723, 726–27 (Tex. App.-Dallas 1999, pet. filed). The purpose of the statute is to prevent actions against government employees that would be, in essence, second attempts at recovery for the same claim. The statute presupposes a *resolution* of the claims against the governmental unit that only occurs upon settlement or final judgment in the action. If a judgment involving the governmental unit were not final, the sole basis for the employee's claim to immunity under section 101.106—the judgment itself—could be vacated at any time during the trial court's plenary jurisdiction. *Id.* Indeed, given the employee's ability to challenge the denial of immunity by interlocutory appeal, if a final judgment were not re-

quired, it is possible the employee could have his immunity finally and irrevocably established under section 101.106 on appeal only to have the basis of that immunity, the judgment involving the governmental unit, later vacated by the trial court. The legislature could not have intended to base an immunity on such a mutable factor as a non-final judgment. Accordingly, we overrule Lowe's fifth point of error.

■ In his sixth point of error, Lowe contends that even if section 101.106 requires a final judgment, the summary judgment in favor of the Médical Center was final. Lowe relies on the Texas Supreme Court opinions in *Mafrige v. Ross* and *Inglish v. Union State Bank* to support his argument. *See Inglish v. Union State Bank,* 945 S.W.2d 810, 811 (Tex. 1997); *Mafrige v. Ross,* 866 S.W.2d 590, 592 (Tex.1993). In *Mafrige,* the supreme court declared that "[i]f a summary judgment appears to be final, as evidenced by the inclusion of language purporting to dispose of all claims and parties, the judgment should be treated as final for purposes of appeal." *Mafrige,* 866 S.W.2d at 592. The court further concluded that a Mother Hubbard clause may be regarded as the type of language that evidences a judgment's finality. *Id.* at 591–92; *see also Bandera Elec. Co-op., Inc. v. Gilchrist,* 946 S.W.2d 336, 337 (Tex.1997); *Inglish,* 945 S.W.2d at 811. Relying on these rulings, Lowe appears to contend that *all* summary judgment orders containing Mother Hubbard language, such as the one at issue here, are final for purposes of appeal. Although recent opinions from other courts of appeals support this proposition, we conclude that such a rigid test of finality misconstrues the supreme court's rulings.

■ The purpose of *Mafrige* and its progeny is to allow litigants and the courts to treat a judgment as final when it appears on its face to be so. *See Mafrige,* 866 S.W.2d åt 592. By giving effect to the appearance of finality, parties do not have

to look outside the judgment to determine the meaning of the trial court's ruling. In many cases, the language of a Mother Hubbard clause or its equivalent will give an otherwise interlocutory summary judgment order the appearance of finality. *See Inglish*, 945 S.W.2d at 811; *Preston v. American Eagle Ins. Co.*, 948 S.W.2d 18, 21 n. 1 (Tex.App.-Dallas 1997, no writ). When this occurs, the judgment may be reversed and remanded to the extent it grants more relief than was requested. *Mafrige*, 866 S.W.2d at 592. The inclusion of a Mother Hubbard clause, however, does not *automatically* render a judgment final. Rather, the language must be read within the context of the summary judgment order in which it appears.

Recent opinions from the Houston courts of appeals have applied *Mafrige* as a "bright line" test of finality, concluding that Mother Hubbard language renders every summary judgment order final and appealable. *See Lehmann v. Har–Con Corp.*, 988 S.W.2d 415, 417 (Tex.App.-Houston [14th Dist.] 1999, no pet. h.); *Kaigler v. General Elec. Mortgage Ins. Corp.*, 961 S.W.2d 273, 275 (Tex.App.-Houston [1st Dist.] 1997, no writ). Although such a test may be clear in its application, it can lead to unintended and absurd results. For example, a trial court may state clearly within the text of its judgment that the judgment is not intended to resolve all claims against all parties. Yet, if the order ends with a Mother Hubbard clause, the "bright line" test would force us to conclude that the judgment is final and appealable. *See Lehmann*, 988 S.W.2d at 417. Nothing in *Mafrige* or *Inglish* mandates this result.

■ An "appearance of finality" occurs when the language in the summary judgment order "clearly evidences" the trial court's intent to dispose of all the claims in the case before it. *See Mafrige*, 866 S.W.2d at 592. If the language in the order preceding the Mother Hubbard clause is broad and inclusive enough to encompass all issues and parties before the court, then the clause may be read to dispose of all claims in the case not otherwise specifically addressed in the order. If, however, the language preceding the Mother Hubbard clause is limited in its scope, such that it evidences the intent of the trial court *not* to dispose of all the claims in the case before it, a Mother Hubbard clause will not convert the otherwise interlocutory summary judgment order into a final judgment. *See Vanderwiele v. Llano Trucks, Inc.*, 885 S.W.2d 843, 845 (Tex.App.-Austin 1994, no writ) (where order expressly references one defendant's motion for summary judgment and grants that motion, the Mother Hubbard clause could do no more than dispose of issues raised in that motion). As with any written statement, the meaning of a Mother Hubbard clause must be derived not only from its language, but also from the context of the document in which it appears. *See Kaigler*, 961 S.W.2d at 277 (Wilson, J., dissenting).

Lowe asks us to rule that an order granting summary judgment in favor of one of several defendants is a final and appealable order as to all defendants solely because of the inclusion of a Mother Hubbard clause, irrespective of any other language in the judgment evidencing an intent that the judgment not be final. Such a rule would offend fundamental concepts of justice. A rule that allows a summary judgment order addressing fewer than all the parties and less than all the claims and defenses to be the final judgment solely because of the use of a Mother Hubbard clause would create results that were never requested by any party and never intended by the trial court. This was never the intent of *Mafrige*.

■ The stated purpose of *Mafrige* was to treat as final a judgment that clearly evidences a trial court's intent to dispose of all claims in the case. *Mafrige*, 866 S.W.2d at 592. An order that explicitly grants a summary judgment in favor of less than all the defendants *does not* clearly evidence an intent to dispose of all

claims against all defendants, especially those against whom summary judgment was not sought, regardless of the inclusion of a Mother Hubbard clause. In such an order, a Mother Hubbard clause or its equivalent does nothing more than resolve the claims involving the parties joined in the summary judgment proceeding.

The trial court's order in this case granting summary judgment in favor of the Medical Center specifically states that it is granting the Medical Center's motion for summary judgment in part and that five of the plaintiffs have and recover nothing from the Medical Center. No mention is made of any of the other defendants against whom the plaintiffs had claims pending. Additionally, the trial court refused to grant severance of the claims against the Medical Center, further indicating its intent not to create a final judgment. The language of the summary judgment order clearly demonstrates the trial court's intent to dispose only of claims against the Medical Center asserted by the five named plaintiffs, as well as the trial court's desire that the judgment in favor of the Medical Center not be final. As such, the Mother Hubbard clause cannot possibly be read to dispose of the remaining claims in the case against the defendants who were not parties to the summary judgment proceeding. The judgment, therefore, is not final. We overrule Lowe's sixth point of error and also Courtney's sole point of error. Because of our ruling, it is unnecessary for us to address Lowe's remaining points of error. *See* Tex.R.App. P. 47.

We affirm the trial court's judgment.