PARKING COMPANY OF AMERICA, Fort Worth, Inc. and Parking Company of America, Inc., Appellants,

v.

Stevan WILSON, Appellee.

No. 05–99–00404–CV.

Court of Appeals of Texas, Dallas.

Jan. 21, 2000.

Mark H. How, Short, How, Frels & Heitz, P.C., Dallas, for appellants.

E. Eldridge Goins, Jr., David L. Paschall, Goins, Underkofler, Crawford & Langdon, L.L.P., Dallas, for appellee.

Before Justices OVARD, MOSELEY, and ROACH.

## OPINION

ROACH, Justice.

In this breach of contract case, Parking Company of America, Fort Worth, Inc.

and Parking Company of America, Inc. appeal the trial court's judgment awarding Stevan Wilson breach of contract damages and attorney's fees. As a threshold issue, however, we must decide whether appellants timely perfected their appeal. For the reasons set forth below, we conclude they did not. Accordingly, we dismiss this appeal for want of jurisdiction.

Wilson sued appellants, his former employers, alleging they breached terms of an employment agreement. Wilson sought contract damages, attorney's fees, pre- and post-judgment interest, and court costs.[1] Appellants answered generally denying the allegations and raising several affirmative defenses.

Wilson moved for summary judgment. On April 30, 1998, the trial court signed a "Partial Summary Judgment" that granted in part and denied in part Wilson's motion and contained a Mother Hubbard Clause. The judgment specifically awarded Wilson $70,000 for his breach of contract claim. Thereafter, the parties continued the litigation with respect to attorney's fees. Ultimately, the trial court rendered judgment on February 12, 1999 awarding Wilson attorney's fees, pre- and post-judgment interest, and court costs. It is from this judgment that appellants perfected their appeal.

■ After this case was submitted, the Court directed the parties to brief the jurisdictional issue of whether the April 30, 1998 judgment was the final judgment in this cause, thus making the notice of appeal untimely.[2] After reviewing the briefs

on file, the record, and the applicable law, we conclude the April 30, 1998 judgment was the final judgment.

In *Mafrige v. Ross*, 866 S.W.2d 590 (Tex.1993), the supreme court concluded that the inclusion of Mother Hubbard language or its equivalent in an order granting summary judgment makes an otherwise partial summary judgment final for appellate purposes. *Id.* at 592. The supreme court since has affirmed that position in *Bandera Electric Cooperative, Inc. v. Gilchrist*, 946 S.W.2d 336, 337 (Tex. 1997) (per curiam) and *Inglish v. Union State Bank*, 945 S.W.2d 810, 811 (Tex. 1997) (per curiam).

■ Consistent with *Mafrige* and its progeny, this Court recently held that although Mother Hubbard language does not *automatically* render a judgment final, in many cases such language will be determinative. *See Lowe v. Teator*, 1 S.W.3d 819, 823–24 (Tex.App.–Dallas 1999, pet. filed). The language must be read within the context of the summary judgment order in which it appears. *Id.* If the language in the order preceding the Mother Hubbard clause is broad and inclusive enough to encompass all issues and parties before the court, then the clause may be read to dispose of all claims in the case not otherwise specifically addressed in the order. *Lowe*, 1 S.W.3d at 823.

■ In this case, Wilson sought summary judgment on his breach of contract claim and his claim for attorney's fees. The trial court granted Wilson relief on the contract claim and then denied "all

---

1. Wilson also alleged other contract violations and sought an accounting. He non-suited these claims before the trial court rendered the April 30, 1998 judgment in this case.

2. The most fundamental issue a tribunal addresses is its jurisdiction to act, and, because jurisdiction is necessary for the court to have

power to act, it may be questioned at any time by any party or the court itself. *See Pena v. Valley Sandia, Ltd.*, 964 S.W.2d 297, 298 (Tex. App.—Corpus Christi 1998, no pet.). An error in jurisdiction is fundamental, and courts of appeals retain power to consider fundamental error whether assigned or not. *Id.*

other relief requested." Consequently, we conclude the April 30, 1998 judgment disposed of all parties and issues in this case. This conclusion is consistent with the Texas Supreme Court's analysis in *Schlipf v. Exxon Corp.,* 644 S.W.2d 453 (Tex.1982) (op. on reh'g) (per curiam).

In *Schlipf,* the plaintiffs sued Exxon to recover damages for retained gas royalties and prejudgment interest on certain royalties. The plaintiffs moved for summary judgment, and the trial court granted the plaintiffs' motion on the retained royalties but denied the prejudgment interest claim. *Schlipf,* 644 S.W.2d at 454. The judgment included a Mother Hubbard clause.[3] *Id.* In concluding the judgment was final, the Court reasoned that the Mother Hubbard clause expressly disposed of all parties and issues, including the prejudgment interest claim. *Id.* at 455. As in *Schlipf,* the language here that the motion was granted in part and denied in part did not leave Wilson's claim for attorney's fees pending in the face of a Mother Hubbard clause.

█ In so concluding we reject appellants' arguments that the order's caption, coupled with the trial court's subsequent actions, mandates a different result. That the order is captioned "Partial Summary Judgment" is not dispositive. Initially, we note the supreme court has, since 1984, admonished that a Mother Hubbard clause has "no place" in a partial summary judgment and should not be used. *See Mafrige,* 866 S.W.2d at 592, citing *Teer v. Duddlesten,* 664 S.W.2d 702, 704 (Tex. 1984). The character of a judgment is to be determined from its substance and not from its caption. *See, e.g., Thompson v.*

*Harco Nat'l Ins. Co.,* 997 S.W.2d 607, 623 (Tex.App.—Dallas 1998, pet. denied); *Davis v. Mathis,* 846 S.W.2d 84, 89 (Tex. App.—Dallas 1992, no writ). In a similar situation, this Court concluded that a judgment entitled "Partial Summary Judgment" was made final by the inclusion of a Mother Hubbard clause. *See Preston v. American Eagle Ins. Co.,* 948 S.W.2d 18, 20 (Tex.App.—Dallas 1997, no writ).

Likewise, the trial court's subsequent actions are not relevant, much less dispositive. The purpose of *Mafrige* and its progeny is to allow litigants and the courts to treat a judgment as final when it appears on its face to be so. *Mafrige,* 866 S.W.2d at 592; *Lowe,* 1 S.W.3d at 823. By giving effect to the appearance of finality, parties do not have to look outside the judgment to determine the meaning of the trial court's ruling. *Lowe,* 1 S.W.3d at 823.

Because we conclude the April 30, 1998 judgment was the final judgment in this case, appellants were required to timely appeal that judgment. They did not.[4] Accordingly, we dismiss this appeal for want of jurisdiction. *See Inglish,* 945 S.W.2d at 811.

█

---

3. Specifically, the judgment provided that "all claims and/or causes of action herein asserted by all parties herein and not herein granted are hereby in all things denied and concluded." *Schlipf,* 644 S.W.2d at 455.

4. Appellants did not file a timely motion for new trial; therefore, the notice of appeal was due within thirty days of the signing of the judgment. Tex.R.App.P. 26.1. However, appellants did not file their notice of appeal until eleven months later, March 12, 1999.