**Mark David ROTELLA and Mark Rotella Custom Homes, Inc. d/b/a Benchmark Custom Homes, Inc., Appellants**

v.

**NELSON ARCHITECTURAL ENGINEERS, INC., Appellee.**

**No. 05–07–00505–CV.**

Court of Appeals of Texas, Dallas.

April 21, 2008.

Robert R. Cole, Jr., Cole & Cole, P.C., Dallas, for Appellant.

James D. Stanton, William H. Venegoni, Derek A. Cargill, The Law Offices of James D. Stanton, L.P., Dallas,

Before Justices MORRIS, WHITTINGTON, and FITZGERALD.

## OPINION

Opinion by Justice WHITTINGTON.

Mark David Rotella (Rotella) and Mark Rotella Custom Homes, Inc. d/b/a Benchmark Custom Homes, Inc. (Benchmark) appeal the trial court's summary judgment in favor of Nelson Architectural Engineers, Inc. In two issues, Rotella and Benchmark contend the trial judge erred because (i) the undisputed summary judgment evidence shows failure of notice of the motion for summary judgment to Rotella and Benchmark and (ii) Nelson was not entitled to recover from Rotella for unjust enrichment. Because we lack jurisdiction, we dismiss the appeal.

On April 14, 2005, Joan Cutting sued Rotella and Benchmark for breach of contract and fraud. In July 2005, Michael Ysasaga, an attorney acting on behalf of Benchmark, signed a contract with Nelson for professional services. Nelson subsequently billed Benchmark for $16,000 in services provided less the $2400 retainer Nelson had received. Because Benchmark did not make any payments on the account, the outstanding balance accrued interest on a monthly basis as provided in the contract. In June 2006, Nelson filed suit for breach of contract, sworn account, and quantum meruit against Ysasaga, Kelly, Hart & Hallman LLP, and Rotella for the outstanding balance of $14,154.86. Ysasaga, Kelly, Hart & Hallman LLP, Rotella, and Benchmark filed general denials. Thereafter, Nelson filed an amended petition to include Benchmark as a defendant. After Ysasaga was disqualified as counsel, Nelson filed a motion for summary judgment on its claims against Benchmark and Rotella. Following a hearing, the trial

**218**

judge granted Nelson summary judgment against Benchmark and Rotella. This appeal followed.

■ After the case was submitted, the Court sent a letter questioning whether the judgment was final. In response, appellants claimed the inclusion of a Mother Hubbard Clause made the summary judgment final, citing *Mafrige v. Ross*, 866 S.W.2d 590, 592 (Tex.1993), *overruled in part by Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 204 (Tex.2001). Appellants alternatively argued that if this Court lacks jurisdiction, we should (i) "go ahead and grant Appellant's appeal and remand this case back to the lower court for trial," or (ii) "abate the appeal and remand the entire cause to the trial court with directions to enter some sort of order or judgment disposing of [Nelson's] claims as to Ysasaga and Kelly." For the reasons that follow, we dismiss this appeal.

■ Appellate court jurisdiction is vested in cases where a final judgment has been rendered or a statute specifically authorizes an interlocutory appeal. *See Cherokee Water Co. v. Ross*, 698 S.W.2d 363, 365 (Tex.1985) (orig.proceeding). "A judgment is final for purposes of appeal if it disposes of all pending parties and claims in the record, except as necessary to carry out the decree." *Lehmann*, 39 S.W.3d at 195. When an order grants summary judgment in favor of less than all defendants, a "Mother Hubbard clause cannot possibly be read to dispose of the remaining claims in the case against the defendants who were not parties to the summary judgment proceeding." *Lowe v. Teator*, 1 S.W.3d 819, 824 (Tex.App.-Dallas 1999, pet. ref'd). Under these circumstances, the judgment is not final. *Id.*

■ In this case, Nelson initially sued Ysasaga, Kelly, Hart & Hallman LLP, and Rotella, then filed an amended petition to add Benchmark. All four defendants filed answers. Nelson then filed a motion for summary judgment on its claims against Rotella and Benchmark. The trial judge granted summary judgment in favor of Nelson on its claims against Rotella and Benchmark. However, the summary judgment does not dispose of Ysasaga or Kelly, Hart & Hallman LLP. There are no orders or nonsuits in the record before this Court disposing of the remaining two defendants, nor is there an order severing the claims against Rotella and Benchmark from the rest of the lawsuit. Because this summary judgment does not dispose of all defendants and all claims, it is interlocutory. We have jurisdiction over an interlocutory appeal only if it is allowed by statute. *Stary v. DeBord*, 967 S.W.2d 352, 352–53 (Tex.1998) (appellate courts have jurisdiction to consider immediate appeals of interlocutory orders only if statute explicitly provides appellate jurisdiction). Appellants have not cited, and our research has not revealed, a statute providing for an interlocutory appeal in this case.

Accordingly, we dismiss this appeal for want of jurisdiction.