

# COURT OF APPEALS

## SECOND DISTRICT OF TEXAS
### FORT WORTH

**NO. 2-07-282-CV**


ELIZABETH ANN ALLMOND                                    APPELLANT

V.

LOE, WARREN, ROSENFIELD,                                    APPELLEES
KAITCER, HIBBS & WINDSOR, P.C.
AND MARK J. ROSENFIELD

------------

FROM THE 322ND DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Elizabeth Ann Allmond ("Elizabeth") and Larry Wayne Allmond ("Larry")

were divorced in November 2005. Elizabeth later complained to her attorneys,

Loe, Warren, Rosenfield, Kaitcer, Hibbs & Windsor, P.C. ("Loe Warren") that

Larry was not remitting assets as provided in the decree. On Elizabeth's behalf,

---

[1] *See* Tex. R. App. P. 47.4.

Loe Warren filed a motion for enforcement of agreed final decree of divorce, which was served on Larry. Stating that Elizabeth had not paid attorneys' fees, Loe Warren simultaneously filed a motion to withdraw as attorney of record, which the trial court later granted. Loe Warren then intervened in the enforcement action, seeking to recover fees from Elizabeth.

After a June 2007 bench trial, the trial court entered a "Final Judgment" awarding Loe Warren unpaid attorneys' fees, pre- and post-judgment interest, and attorneys' fees for the action to recover fees from Elizabeth. Notably, Larry is not mentioned in this judgment, and the record does not reflect any appearance by Larry or resolution of Elizabeth's enforcement action against him.

Elizabeth appealed, arguing that Loe Warren's intervention in the enforcement action was invalid and that the trial court never obtained jurisdiction over Loe Warren's attorneys' fees claims. We do not reach Elizabeth's arguments because we do not have jurisdiction over this appeal.

Absent a statute expressly conferring appellate jurisdiction, interlocutory orders are not appealable.[2] Here, the underlying action is a motion to enforce a divorce decree filed by Elizabeth against Larry. Chapter 9 of the Family Code authorizes such actions and provides that, "[e]xcept as otherwise provided in

---

[2] *See, e.g.*, *Stary v. DeBord*, 967 S.W.2d 352, 352–53 (Tex. 1998).

this chapter, a suit to enforce shall be governed by the Texas Rules of Civil Procedure applicable to the filing of an original lawsuit."[3] Moreover, when all parties who may be affected by the enforcement action have been properly served, "the proceedings shall be as in civil cases generally."[4] Accordingly, like interlocutory orders "in civil cases generally," interlocutory orders in an enforcement action are appealable only if expressly permitted by statute.[5]

Based on the record presented, the "Final Judgment" adjudicating Loe Warren's claims against Elizabeth is interlocutory because it does not dispose of all parties and all issues in the enforcement action.[6] The record reflects no resolution of Elizabeth's claims against Larry. Accordingly, we do not have

---

[3] Tex. Fam. Code Ann. § 9.001(b) (Vernon 2006).

[4] *Id.* § 9.001(c).

[5] *See Sheikh v. Sheikh*, 248 S.W.3d 381, 393–94 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (holding that order in enforcement action appointing master in chancery is not appealable, but reviewable only by mandamus).

[6] *See Rotella v. Nelson Architectural Eng'rs, Inc.*, 251 S.W.3d 216, 218 (Tex. App.—Dallas 2008, no pet.) (holding summary judgment for two defendants not final and appealable where record contained no severance orders, nonsuits, or other orders disposing of claims against remaining defendants). We acknowledge the general rule that a judgment rendered after a conventional trial can be presumed to fully and finally dispose of all parties and all issues. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 199 (Tex. 2001). In an enforcement suit under chapter 9 of the Family Code, however, a "conventional trial" would be one that adjudicated the enforcement action itself, which did not occur here.

jurisdiction over this appeal, which we dismiss for lack of jurisdiction.  We

express no opinion on the merits of Elizabeth's appeal.[7]

PER CURIAM

PANEL:  CAYCE, C.J.; LIVINGSTON and HOLMAN, JJ.

DELIVERED:  October 16, 2008

---

[7] *See Cherokee Water Co. v. Ross*, 698 S.W.2d 363, 365 (Tex. 1985) ("[O]ur rendition of a judgment on the merits implies a decision by this court that it had jurisdiction of that which was adjudged.").

4