COURT
OF APPEALS

                                         SECOND
DISTRICT OF TEXAS

                                                     FORT
WORTH

 

 

                                           NO.
2-07-282-CV

 

 

ELIZABETH ANN ALLMOND                                                   APPELLANT

 

                                                      V.

 

LOE, WARREN, ROSENFIELD,                                                 APPELLEES

KAITCER,
HIBBS & WINDSOR, P.C. 

AND
MARK J. ROSENFIELD

 

                                                  ------------

 

             FROM
THE 322ND DISTRICT COURT OF TARRANT COUNTY

 

                                                  ------------

 

                                  MEMORANDUM
OPINION[1]

 

                                                  ------------








Elizabeth Ann Allmond (AElizabeth@) and Larry
Wayne Allmond (ALarry@) were divorced in November 2005. 
Elizabeth later complained to her attorneys, Loe, Warren, Rosenfield,
Kaitcer, Hibbs & Windsor, P.C. (ALoe Warren@) that Larry
was not remitting assets as provided in the decree.  On Elizabeth=s behalf, Loe Warren filed a motion for enforcement of agreed final
decree of divorce, which was served on Larry. 
Stating that Elizabeth had not paid attorneys= fees, Loe Warren simultaneously filed a motion to withdraw as
attorney of record, which the trial court later granted.  Loe Warren then intervened in the enforcement
action, seeking to recover fees from Elizabeth. 

After a June 2007 bench
trial, the trial court entered a AFinal Judgment@ awarding
Loe Warren unpaid attorneys= fees, pre- and post-judgment interest, and attorneys= fees for the action to recover fees from Elizabeth.  Notably, Larry is not mentioned in this judgment,
and the record does not reflect any appearance by Larry or resolution of
Elizabeth=s
enforcement action against him.

Elizabeth appealed, arguing
that Loe Warren=s intervention
in the enforcement action was invalid and that the trial court never obtained
jurisdiction over Loe Warren=s attorneys= fees
claims.  We do not reach Elizabeth=s arguments because we do not have jurisdiction over this appeal.








Absent a statute expressly
conferring appellate jurisdiction, interlocutory orders are not appealable.[2]  Here, the underlying action is a motion to
enforce a divorce decree filed by Elizabeth against Larry.  Chapter 9 of the Family Code authorizes such
actions and provides that, A[e]xcept as otherwise provided in this chapter, a suit to enforce
shall be governed by the Texas Rules of Civil Procedure applicable to the
filing of an original lawsuit.@[3]  Moreover, when all parties who
may be affected by the enforcement action have been properly served, Athe proceedings shall be as in civil cases generally.@[4]  Accordingly, like
interlocutory orders Ain civil
cases generally,@ interlocutory
orders in an enforcement action are appealable only if expressly permitted by
statute.[5]








Based on the record
presented, the AFinal
Judgment@ adjudicating Loe Warren=s claims against Elizabeth is interlocutory because it does not
dispose of all parties and all issues in the enforcement action.[6]  The record reflects no resolution of
Elizabeth=s claims
against Larry.  Accordingly, we do not
have jurisdiction over this appeal, which we dismiss for lack of jurisdiction.  We express no opinion on the merits of
Elizabeth=s appeal.[7]

 

PER CURIAM

 

PANEL:  CAYCE, C.J.; LIVINGSTON and HOLMAN, JJ.

 

DELIVERED:  October 16, 2008       











[1]See Tex.
R. App. P. 47.4.





[2]See,
e.g., Stary v. DeBord, 967 S.W.2d 352, 352B53
(Tex. 1998).





[3]Tex.
Fam. Code Ann. '
9.001(b) (Vernon 2006).





[4]Id. '
9.001(c).





[5]See
Sheikh v. Sheikh, 248 S.W.3d 381, 393B94
(Tex. App.CHouston
[1st Dist.] 2007, no pet.) (holding that order in enforcement action appointing
master in chancery is not appealable, but reviewable only by mandamus).





[6]See
Rotella v. Nelson Architectural Eng=rs, Inc., 251
S.W.3d 216, 218 (Tex. App.CDallas 2008, no pet.)
(holding summary judgment for two defendants not final and appealable where
record contained no severance orders, nonsuits, or other orders disposing of
claims against remaining defendants).  We
acknowledge the general rule that a judgment rendered after a conventional
trial can be presumed to fully and finally dispose of all parties and all
issues.  Lehmann v. Har-Con Corp.,
39 S.W.3d 191, 199 (Tex. 2001).  In an
enforcement suit under chapter 9 of the Family Code, however, a Aconventional
trial@
would be one that adjudicated the enforcement action itself, which did not
occur here.





[7]See
Cherokee Water Co. v. Ross, 698 S.W.2d 363, 365 (Tex. 1985) (A[O]ur
rendition of a judgment on the merits implies a decision by this court that it
had jurisdiction of that which was adjudged.@).