COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-09-436-CV

 

 

$1906.00 U.S. CURRENCY                                                   APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM
THE 396TH DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

Appellant
Nancy Cearley attempts to appeal from an interlocutory summary judgment order
involving the forfeiture of property.  We
dismiss for want of jurisdiction.








The
order from which Cearley attempts to appeal is entitled AINTERLOCUTORY
SUMMARY JUDGMENT,@ and states, AOn the
16th day of November, 2009, came on to be heard the above entitled and numbered
Cause, wherein The State of Texas is Petitioner and JOHN C. MALEY and NANCY
CEARLY [sic] are Respondents.@  The order sets out that Cearley=s
interests in the property at issue are forfeited to the State; it does not
address Maley=s interests in the property at
issue.

On
January 5, 2010, we notified the parties that it appeared that this court
lacked jurisdiction because the November 16, 2009 order did not appear to be a
final appealable order.  Our letter also
informed the parties that unless Cearley or any party desiring to continue the
appeal filed a response showing grounds for continuing the appeal by Friday,
January 15, 2010, this attempted appeal would be dismissed for want of
jurisdiction.  See Tex. R. App. P.
42.3(a).  No response has been filed.








Appellate
courts have jurisdiction only over appeals from final judgments and from
specific types of interlocutory orders designated by the legislature as
appealable.  Lehmann v. Har‑Con
Corp., 39 S.W.3d 191, 195 (Tex. 2001); see Tex. Civ. Prac. &
Rem. Code Ann. ' 15.003(c) (Vernon Supp. 2009), ' 51.014
(Vernon 2008), ' 171.098 (Vernon 2005); Tex. Gov=t Code
Ann. '
1205.068 (Vernon 2000).  A judgment is
final and appealable if it disposes of all parties and all issues.  Lehmann, 39 S.W.3d at 195.  An order that does not dispose of all parties
and all issues in the case must be classified, for purposes of appeal, as an
unappealable interlocutory order.  Ruiz
v. Ruiz, 946 S.W.2d 123, 124 (Tex. App.CEl Paso
1997, no writ).  Without affirmative
statutory authority to hear an interlocutory appeal, this court is without
jurisdiction.  Id.; see, e.g.,
Rotella v. Nelson Architectural Eng=rs, Inc., 251
S.W.3d 216, 218 (Tex. App.CDallas
2008, no pet.) (dismissing for want of jurisdiction when trial court granted
summary judgment against two defendants but there was no order or nonsuit in
the record disposing of the remaining defendants or an order to sever the
claims upon which summary judgment had been granted).  Because the order here meets none of the
statutory exceptions and is not otherwise final and appealable, we dismiss this
appeal for want of jurisdiction.  See Tex.
R. App. P. 42.3(a), 43.2(f). 

 

PER CURIAM

 

 

PANEL: MCCOY, LIVINGSTON, and MEIER, JJ. 

 

DELIVERED: February 18, 2010











[1]See Tex. R. App. P. 47.4.