

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-09-436-CV

$1906.00 U.S. CURRENCY                                                        APPELLANT

V.

THE STATE OF TEXAS                                                                STATE

------------

FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Nancy Cearley attempts to appeal from an interlocutory summary judgment order involving the forfeiture of property. We dismiss for want of jurisdiction.

The order from which Cearley attempts to appeal is entitled "INTERLOCUTORY SUMMARY JUDGMENT," and states, "On the 16th day of

---

[1] *See* Tex. R. App. P. 47.4.

November, 2009, came on to be heard the above entitled and numbered Cause, wherein The State of Texas is Petitioner and JOHN C. MALEY and NANCY CEARLY [sic] are Respondents." The order sets out that Cearley's interests in the property at issue are forfeited to the State; it does not address Maley's interests in the property at issue.

On January 5, 2010, we notified the parties that it appeared that this court lacked jurisdiction because the November 16, 2009 order did not appear to be a final appealable order. Our letter also informed the parties that unless Cearley or any party desiring to continue the appeal filed a response showing grounds for continuing the appeal by Friday, January 15, 2010, this attempted appeal would be dismissed for want of jurisdiction. *See* Tex. R. App. P. 42.3(a). No response has been filed.

Appellate courts have jurisdiction only over appeals from final judgments and from specific types of interlocutory orders designated by the legislature as appealable. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *see* Tex. Civ. Prac. & Rem. Code Ann. § 15.003(c) (Vernon Supp. 2009), § 51.014 (Vernon 2008), § 171.098 (Vernon 2005); Tex. Gov't Code Ann. § 1205.068 (Vernon 2000). A judgment is final and appealable if it disposes of all parties and all issues. *Lehmann*, 39 S.W.3d at 195. An order that does not dispose of all parties and all issues in the case must be classified, for purposes of

2

appeal, as an unappealable interlocutory order. *Ruiz v. Ruiz*, 946 S.W.2d 123, 124 (Tex. App.—El Paso 1997, no writ). Without affirmative statutory authority to hear an interlocutory appeal, this court is without jurisdiction. *Id*.; *see, e.g., Rotella v. Nelson Architectural Eng'rs, Inc.*, 251 S.W.3d 216, 218 (Tex. App.—Dallas 2008, no pet.) (dismissing for want of jurisdiction when trial court granted summary judgment against two defendants but there was no order or nonsuit in the record disposing of the remaining defendants or an order to sever the claims upon which summary judgment had been granted). Because the order here meets none of the statutory exceptions and is not otherwise final and appealable, we dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f).

PER CURIAM

PANEL: MCCOY, LIVINGSTON, and MEIER, JJ.

DELIVERED: February 18, 2010