

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-13-00255-CV

CITY OF BLUE MOUND, TEXAS                                                    APPELLANT

V.

SOUTHWEST WATER COMPANY                                                    APPELLEES
AND MONARCH UTILITIES I, LP

----------

## FROM THE 348TH DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant City of Blue Mound, Texas, attempts to appeal from the trial court's "Order Granting Defendant's Motions for Summary Judgment and Dismissing Case." On July 23, 2013, we notified the parties of our concern that this court may not have jurisdiction over the appeal because the "Order Granting Defendant's Motions for Summary Judgment and Dismissing Case" did not

---

[1]See Tex. R. App. P. 47.4.

appear to be a final judgment or an appealable order. We informed the parties that unless Appellant or any party desiring to continue the appeal filed with the court a response by August 2, 2013, showing grounds for continuing the appeal, the appeal would be dismissed for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 44.3. Appellant filed a response, agreeing that the appeal should be dismissed because the trial court's judgment, which does not dispose of Appellant's claims against Southwest Water Company, is not a final judgment.

Appellate courts have jurisdiction over appeals only from final judgments and from specific types of interlocutory orders designated by the legislature as appealable. *Lehmann v. Har-Con Corp.,* 39 S.W.3d 191, 195 (Tex. 2001); *see* Tex. Civ. Prac. & Rem. Code Ann. §§ 15.003(c), 51.014 (West Supp. 2012), § 171.098 (West 2011); Tex. Gov't Code Ann. § 1205.068 (West 2000). A judgment is final and appealable if it disposes of all parties and all issues. *Lehmann,* 39 S.W.3d at 195. An order that does not dispose of all parties and all issues in the case must be classified, for purposes of appeal, as an unappealable interlocutory order. *Ruiz v. Ruiz,* 946 S.W.2d 123, 124 (Tex. App.—El Paso 1997, no writ). Without affirmative statutory authority to hear an interlocutory appeal, this court is without jurisdiction. *Id.; see, e.g.*, *Rotella v. Nelson Architectural Eng'rs, Inc.,* 251 S.W.3d 216, 218 (Tex. App.—Dallas 2008, no pet.) (dismissing for want of jurisdiction when trial court granted summary judgment against two defendants but there was no order or nonsuit in the record disposing

of the remaining defendants or an order to sever the claims upon which summary judgment had been granted).

Because the order here meets none of the statutory exceptions and is not otherwise final and appealable, we dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f).

PER CURIAM

PANEL:  WALKER, MCCOY, and MEIER, JJ.

DELIVERED:  August 29, 2013